CV6-280.LEMLEY 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00280-CV







Monica (Miller) Lemley, Appellant



v.



Jeffrey Wayne Miller, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 150,151-A, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM

 

 After Jeffrey Miller made a special appearance to challenge the trial court's jurisdiction, the
trial court declined to exercise jurisdiction over Monica Lemley's motion to modify the visitation provisions
in a suit affecting the parent-child relationship originally filed in Oklahoma. Lemley raises three points of
error. We conclude that the trial court had jurisdiction. We will reverse the trial court's judgment and
remand the case to the trial court for further proceedings.



BACKGROUND


 Several pertinent facts are undisputed. Monica Lemley and Jeffrey Miller were married
in Oklahoma and had one child during their marriage. On February 22, 1993, they were divorced in
Oklahoma. In the related suit affecting the parent-child relationship, the court appointed Lemley managing
conservator and Miller possessory conservator. Miller was entitled to periods of visitation with the child
and was ordered to pay child support to Lemley. From November 1992 until March 1993, the minor child
resided in Louisiana with Lemley. From March 1993 until November 1994, the minor child resided with
Lemley, her new husband, and a child from her current marriage in Harker Heights, Texas. From January
1995 to November 1995, the minor child, and the Lemley family, resided in Germany solely because of
Mr. Lemley's transfer for active military duty. Lemley returned to Texas with the minor child and resided
in Texas from November 1995 until Lemley filed this modification of visitation lawsuit on December 7,
1995. Miller continues to reside in Oklahoma. 

 Lemley filed a suit seeking, among other things, to modify the visitation provisions of the
Oklahoma divorce decree. By her petition, Lemley claimed that the trial court had subject matter
jurisdiction over the lawsuit because the minor child had resided in Bell County for six months before
moving to Germany. 

 Objecting to the Bell County district court's personal and subject matter jurisdiction, Miller
filed a special appearance. See Tex. R. Civ. P. 120a. After hearing testimony, and considering counsels'
arguments and agreements, the trial court agreed with Miller that it lacked jurisdiction and dismissed the
motion to modify. Lemley appeals.

 By three points of error, Lemley contends that, because Miller's special appearance
pleading was improperly verified, he made a general appearance before the court and thus the court's
dismissal was improper. Additionally, Lemley contends that the trial court abused its discretion because
the special appearance ruling did not comply with Texas Family Code section 152.003. Finally, Lemley
contends that insufficient evidence supports the trial court's determination that it was without subject matter
jurisdiction.



ANALYSIS


 By her third point of error, Lemley contends that Miller's special appearance pleading was
not properly verified. Lemley complains about the affidavit submitted with Miller's motion. She contends
that because the affidavit was filed by Miller's attorney rather than Miller personally, Miller made a general
appearance before the trial court which automatically subjected him to the trial court's jurisdiction. 

 Jurisdiction in child custody determinations is governed by the Family Code. See Tex.
Fam. Code Ann. §§ 152.001-.025 (West 1996). (1) A "custody determination" means a court discussion,
orders, or instructions providing for the custody of a child including visitation rights, but not including
decisions related to child support. § 152.002(3). Satisfaction of the statutory provisions confers subject
matter jurisdiction over the custody case as well as personal jurisdiction over a nonresident parent. In re
S.A.V., 837 S.W.2d 80, 85 (Tex. 1992); see also Shaffer v. Heitner, 433 U.S. 186, 208, n.30 (1977). 
In child custody cases, each party is required to set forth in the party's first pleading or in an affidavit
attached to the pleading (1) where and with whom the child has lived within the last five years; (2) whether
the party has participated in any other litigation concerning the child's custody in this or any other state; (3)
whether the party has any information of any proceeding related to the child that is pending in this or any
other state; and (4) whether the party knows of any person not a party to the proceedings who has physical
custody of the child or claims to have custody or visitation rights. § 152.009(a). 

 A party may file a special appearance complaining about a trial court's jurisdiction by filing
a sworn motion before filing any other pleading. Tex. R. Civ. P. 120a(1). The trial court determines the
special appearance on the basis of the pleadings, any stipulations made by or between the parties, affidavits
and attachments filed by the parties, the results of discovery processes, and any oral testimony presented
at a hearing. Tex. R. Civ. P. 120a(3). 

 In this instance, the special appearance motion was filed first and was properly verified. 
Bruneio v. Bruneio, 890 S.W.2d 150, 154 (Tex. App.--Corpus Christi 1994, no writ). Miller's attorney
filed an affidavit containing the information required to be submitted under oath pursuant to section
152.009(a). While Miller did not file a personal affidavit, the information required to be submitted to the
trial court pursuant to section 152.009 was established at the special appearance hearing by testimony and
the stipulations reached by the parties. See Creavin v. Moloney, 773 S.W.2d 698, 705 (Tex.
App.--Corpus Christi 1989, writ denied) (though party failed to file required affidavit, testimony at special
appearance hearing established section 152.009 factors). We overrule Lemley's third point of error. 

 By her first point of error, Lemley contends that the trial court abused its discretion in
dismissing this suit because the court had jurisdiction to make a custody determination. By her second point
of error, Lemley contends that the evidence was insufficient to support the trial court's finding that Texas
did not have significant connections with the child. The special principles for deciding whether a Texas
court has jurisdiction over a child custody determination are provided in section 152.003 of the Texas
Family Code. A Texas court has jurisdiction over a child custody dispute if Texas is the "home state" of
the child on the date of the filing of the suit. § 152.003(a)(1). The child's "home state" is defined as the
state in which the child lived with its parent for at least the six consecutive months immediately preceding
the filing of the suit. § 152.002(6); see Bruneio, 890 S.W.2d 150 at 153. Periods of temporary absence
from the home state are counted as part of the six-month period. § 152.002(6). 

 When Texas is not the home state, it may still exercise jurisdiction over custody disputes
in limited circumstances when (1) it appears that the child has no home state; and (2) it is in the best interest
of the child because the child and at least one of its parents have a significant connection with Texas beyond
mere physical presence; and (3) there is available in Texas substantial evidence concerning the child's
present or future care, protection, training, and personal relationships. § 152.003(a)(2). The home state
provision, section 152.003(a)(1), is the preferred method of establishing jurisdiction in a custody
determination.

 On appeal, Lemley argues that, pursuant to section 152.003(a)(1), the child's home state
is Texas, and thus the trial court has jurisdiction over the custody modification. Lemley contends that the
child's eleven-month residency in Germany was only a temporary absence from the state and, in
accordance with section 152.002(6). Specifically, Lemley contends that, (1) because the child resided in
Harker Heights for one and one-half years with Lemley immediately before the family moved to Germany
for Lemley's husband's active military service and (2) because the child and Lemley returned directly to
Harker Heights from Germany, the child's home state was Texas throughout the family's temporary
relocation to Germany for active military service. 

 Miller responds that the parties agreed before the trial court that the child had no home
state and that the only custody jurisdictional provision at issue was section 152.003(a)(2), the significant
connection provision. Miller contends that because Lemley did not present the home state jurisdictional
argument to the trial court she did not properly preserve the argument for this Court's review. We disagree. 

 Jurisdictional issues are not waivable. Parties may not by agreement deprive a court of
jurisdiction. We will review the record to determine whether the court had jurisdiction under section
152.003(a)(1).

 Under the facts presented, we conclude that Texas had jurisdiction to determine the motion
to modify visitation. Lemley's and the child's absence from Texas was due solely to Lemley's husband's
active military assignment to Germany. The child's residence with Lemley in Germany constituted a
temporary absence from the state. The time in Germany, therefore, is considered time that Lemley and the
child resided in Texas for purposes of establishing home state jurisdiction. See § 152.002(6). Important
to our determination that the child's residency in Germany was a temporary absence is that, immediately
before the family left for Germany, Lemley and the child resided in Harker Heights for one and one-half
years. Additionally, when returning to the United States from Germany, Lemley and the child came back
directly to Harker Heights where they continue to reside. Based upon the facts of this case, no other state
but Texas had even the opportunity to become the child's home state. 

 The district court had subject matter jurisdiction over the modification of visitation
proceeding pursuant to section 152.003(a)(1). Additionally, the trial court had jurisdiction over Miller. 
S.A.V., 837 S.W.2d at 85. 

 Alternatively, even if Texas were not the child's home state, Texas is the only state with
which the child and his mother had a significant connection. § 152.003(a)(2). Additionally, substantial
evidence existed to show that the child's present and future care, protection, training and personal
relationships were available in Texas. Id. The child's one and one-half years' residency in Texas before
going to Germany, the child's direct return to the same community, and the fact that the child was receiving
counselling in the community upon returning indicates a significant connection to Texas. § 152.003(a)(2). 


 We sustain Lemley's first and second points of error. 



CONCLUSION


 We conclude that the trial court had jurisdiction. We reverse the trial court's order of
dismissal and remand for further proceedings.



Before Justices Powers, Aboussie and Jones; Justice Powers not participating

Reversed and Remanded

Filed: October 9, 1996

Publish
1.   All section number references will be to the current edition of the Texas Family Code.



a significant connection with Texas beyond
mere physical presence; and (3) there is available in Texas substantial evidence concerning the child's
present or future care, protection, training, and personal