TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00696-CV






John Wallace Granger, Appellant



v.



Kathleen Moye, Appellee







FROM THE DISTRICT COURT OF JASPER COUNTY, 1ST JUDICIAL DISTRICT


NO. 14,303, HONORABLE JOE BOB GOLDEN, JUDGE PRESIDING 







 Appellant John Wallace Granger ("Granger") appeals an order of the district court
granting Appellee Kathleen Moye's ("Moye") Motion to Modify in Suit Affecting the Parent-Child
Relationship ("Motion to Modify"). In two points of error, Granger challenges the district court's
ruling denying his motion for continuance and the court's ruling assessing discovery sanctions
against him. We will affirm the order of the district court.


BACKGROUND

 On February 11, 1994, Moye and Granger were appointed Joint Managing
Conservators of Jerrett Wallace Granger, a minor child. On January 21, 1997, Moye filed a
Motion to Modify, seeking appointment as the sole managing conservator of the minor child. 
Upon being served with the motion, interrogatories, and requests for production, Granger filed
a pro se answer on February 24, 1997. The record then reflects a pattern of indifference or
neglect on the part of Granger in responding to Moye's various motions. Granger consistently
refused certified mail relating to the suit, resulting in the cancellation of various preliminary
hearings. The case went to trial on June 17, 1997. At trial, Granger made an oral motion for
continuance, unsupported by affidavits or other competent evidence, claiming inadequate notice
of trial. The trial court denied the motion, pointing out that on May 29, 1997, counsel for Moye
sent Granger a letter by certified mail notifying him of the trial. Granger never picked up the
letter from the post office. The trial court overruled Granger's motion. Additionally, the trial
court did not allow Granger to call any witnesses, other than himself, because Granger failed to
supplement his answers to interrogatories and disclose the identity of witnesses he intended to call. 
The trial court granted Moye's Motion to Modify, and Granger now appeals.


DISCUSSION

 In Granger's first point of error, he challenges the trial court's ruling denying his
motion for continuance. It is well established in Texas law that the granting or denial of a motion
for continuance is within the sound discretion of the trial court. General Motors Corp. v. Gayle,
951 S.W.2d 469, 476 (Tex. 1997). The trial court's decision will not be disturbed unless the
record discloses a clear abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.
1986). We presume that the trial court does not abuse its discretion in denying a motion for
continuance when the movant fails to comply with Texas Rule of Civil Procedure 251, which
requires that a motion for continuance be supported by affidavit. Id.; see also Tex. R. Civ. P.
251. Granger made his motion orally at trial and failed to support it with an accompanying
affidavit. We, therefore, conclude that the trial court did not abuse its discretion in denying his
motion.

 Granger additionally asserts in his first point of error that the trial court's denial
of his motion for continuance denied him his right to due process because he was not given the
mandatory forty-five days notice of trial. Granger raised this specific complaint for the first time
in his motion for new trial. Texas Rule of Civil Procedure 245 provides, "The court may set
contested cases on written request of any party, or on the court's own motion, with reasonable
notice of not less than forty-five days to the parties of a first setting for trial. . . ." Tex. R. Civ.
P. 245. The law presumes that a trial court will only hear a case after the parties have received
proper notice. Hanners v. State Bar, 860 S.W.2d 903, 908 (Tex. App.--Dallas 1993, no writ). 
To rebut this presumption, appellant has the burden of affirmatively showing lack of notice. 
Bruneio v. Bruneio, 890 S.W.2d 150, 155 (Tex. App.--Corpus Christi 1994, no writ). "This
burden is not met by merely claiming in a motion for new trial, unsupported by affidavit or other
competent evidence, that there was no proper notice." Welborn-Hosler v. Hosler, 870 S.W.2d
323, 328 (Tex. App.--Houston [14th Dist.] 1994, no writ). In Welborn, the court concluded that
oral assertions during a hearing, without other evidence, were not enough to affirmatively show
lack of notice. Id. This case is similar to Welborn. At trial, Granger merely alleged that he did
not receive actual notice, without presenting any affidavits or other competent evidence to support
those allegations. We conclude, therefore, that Granger's allegations are not enough to
affirmatively show lack of notice. Because Granger did not comply with Rule 251 or meet his
burden of showing lack of notice, we overrule his first point of error.

 In his second point of error, Granger contends the trial court erred in sanctioning
him for discovery abuses by not permitting him to call any witnesses other than himself to testify. 
Moye served interrogatories on Granger that, in part, asked to him to state the names and
addresses of relevant witnesses he expected to call at the time of trial. Granger responded: "This
information will be provided as soon as a complete list is ready, and will be provided to opposing
counsel at that time." Granger never supplemented this interrogatory. Therefore, when the case
was called for trial, the court refused to allow Granger to call unidentified witnesses.

 Granger now argues on appeal that the interrogatories and request for production
filed by Moye violated the Texas Rules of Civil Procedure because no proof of service was filed
with the district clerk. See Tex. R. Civ. P. 168 & 167(1)(e). Granger contends that since the
discovery requests violated the rules of civil procedure, he cannot be sanctioned for failure to
respond to them. We disagree. Rule 33 of the Texas Rules of Appellate Procedure requires that
in order to present a complaint for appellate review the record must show that "the complaint was
made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33. The
record in this case does not reflect that Granger ever objected to the interrogatories or the request
for production filed by Moye.

 Furthermore, Granger filed responses to the interrogatories effectively waiving any
defect in the manner or form of service. Rule 168a requires that interrogatories and proof of
service thereof, as provided in Rule 21a, be filed with the clerk office. The purpose of these rules
is to ensure that the parties to the suit have notice of the motions and discovery requests that are
filed in the case and have an opportunity to respond and participate accordingly. See Hill v. W.E.
Brittain, Inc., 405 S.W.2d 803, 807 (Tex. Civ. App.--Fort Worth 1966, no writ). In particular,
the purpose of a certificate of service is to prove that the documents to which the certificate relates
were actually served on the party. In this case, a certificate of service was not filed, but it is
evident Granger received the interrogatories because he filed answers to the interrogatories
provided to him. Thus, lack of a certificate of service is not problematic because there is other
proof that Granger received the interrogatories. Service in a technical sense is incidental where
the main purpose of getting the parties to participate is accomplished. See id.

 Finally, the sanctions imposed by the trial court are automatic. Texas Rule of Civil
Procedure 215(5) states that a party shall not be allowed to present evidence when the party was
under a duty to disclose that evidence in a discovery response or supplemental response but failed
to do so. Tex. R. Civ. P. 215(5). "The rule [Rule 215(5)] is mandatory, and its sole
sanction--exclusion of evidence--is automatic, unless there is good cause to excuse its
imposition." Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992). It is an abuse of
discretion for the court to admit testimony excluded by Rule 215(5) without a showing of good
cause. Id. Since Granger failed to supply Moye with the names of witnesses he planned to call
at trial, the court was obligated to disallow the testimony of his witnesses. We overrule Granger's
second point of error.


CONCLUSION

 The trial court did not abuse its discretion when it denied Granger's motion for
continuance because Granger did not accompany his motion with an affidavit as required by the
Texas Rules of Civil Procedure, and because he did not meet his burden of affirmatively showing
lack of notice. Furthermore, discovery sanctions excluding Granger's unidentified witnesses were
proper in this case because Granger failed to supplement the interrogatories prior to trial as he had
affirmatively agreed. Having overruled Granger's two points of error, we affirm the order of the
district court.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 15, 1998

Do Not Publish



notice, without presenting any affidavits or other competent evidence to support
those allegations. We conclude, therefore, that Granger's allegations are not enough to
affirmatively show lack of notice. Because Granger did not comply with Rule 251 or meet his
burden of showing lack of notice, we overrule his first point of error.

 In his second point of error, Granger contends the trial court erred in sanctioning
him for discovery abuses by not permitting him to call any witnesses other than himself to testify. 
Moye served interrogatories on Granger that, in part, asked to him to state the names and
addresses of relevant witnesses he expected to call at the time of trial. Granger responded: "This
information will be provided as soon as a complete list is ready, and will be provided to opposing
counsel at that time." Granger never supplemented this interrogatory. Therefore, when the case
was called for trial, the court refused to allow Granger to call unidentified witnesses.

 Granger now argues on appeal that the interrogatories and request for production
filed by Moye violated the Texas Rules of Civil Procedure because no proof of service was filed
with the district clerk. See Tex. R. Civ. P. 168 & 167(1)(e). Granger contends that since the
discovery requests violated the rules of civil procedure, he cannot be sanctioned for failure to
respond to them. We disagree. Rule 33 of the Texas Rules of Appellate Procedure requires that
in order to present a complaint for appellate review the record must show that "the complaint was
made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33. The
record in this case does not reflect that Granger ever objected to the interrogatories or the request
for production filed by Moye.

 Furthermore, Granger filed responses to the interrogatories effectively waiving any
defect in the manner or form of service. Rule 168a requires that interrogatories and proof of
service thereof, as provided in Rule 21a, be filed with the clerk office. The purpose of these rules
is to ensure that the parties to the suit have notice of the motions and discovery requests that are
filed in the case and have an opportunity to respond and participate accordingly. See Hill v. W.E.
Brittain, Inc., 405 S.W.2d 803, 807 (Tex. Civ. App.--Fort Worth 1966, no writ). In particular,
the purpose of a certificate of service is to prove that the documents to which the certificate relates
were actually served on the party. In this case, a certificate of service was not filed, but it is
evident Granger received the interrogatories because he filed answers to the interrogatories
provided to him. Thus, lack of a certificate of service is not problematic because there is other
proof that Granger received the interrogatories. Service in a technical sense is incidental where
the main purpose of getting the parties to participate is accomplished. See id.

 Finally, the sanctions imposed by the trial court are automatic. Texas Rule of Civil
Procedure 215(5) states that a party shall not be allowed to present evidence when the party was
under a duty to disclose that evidence in a discovery response or supplemental response but failed
to do so. Tex. R. Civ. P. 215(5). "The rule [Rule 215(5)] is mandatory, and its sole
sanction--exclusion of evidence--is automatic, unless there is good cause to excuse its
imposition." Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992). It is an abuse of
discretion for the court to admit testimony excluded by Rule 215(5) without a showing of good
cause. Id. Since Granger failed to supply Moye with the names of witnesses he planned to call
at trial, the court was obligated to disallow the testimony of his witnesses. We overrule Granger's
second point of error.


CONCLUSION

 The trial court did not abuse