NUMBER 13-00-293-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


IN THE INTEREST OF K. R. B. AND M. B., MINORS

___________________________________________________________________


On appeal from the 343rd District Court

of San Patricio County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez



This is a habeas corpus proceeding. Appellant, father of M.B. and K.R.B., filed his petition for writ of habeas corpus
seeking the return of his minor children from appellees, M.B.'s maternal grandmother and managing conservator and
K.R.B.'s adoptive mother. The maternal grandmother had possession of M.B. and the adoptive mother had possession of
K.R.B. Appellant alleged his children were being illegally restrained. The trial court denied appellant's petition. By two
issues appellant contends the court erred in denying to issue his writ of habeas corpus because (1) his divorce decree
entered in Colorado was in "full force and effect" and entitled him to possession of his children, and (2) the court did not
have personal or subject matter jurisdiction to hear the custody matter. We affirm the court's ruling as to the managing
conservator of M.B., and dismiss the appeal as moot as to the adoptive mother of K.R.B.

As this is a memorandum opinion not selected for publication and the parties are familiar with the facts, we will not recite
them here. Tex. R. App. R. 47.1. 

Appellee, the Managing Conservator of M.B.By his second issue, appellant contends the trial court erred in finding it had
personal and subject matter jurisdiction over him because he was a nonresident with no significant contacts in Texas. 
During the custody proceedings wherein the maternal grandmother sought appointment as managing conservator of M.B.,
appellant filed a letter and a general denial. Neither contained assertions of a special appearance. (1) A "special appearance
shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion. . . ." Tex. R.
Civ. P. 120a(1). "Any motion to challenge the jurisdiction . . . shall be heard and determined before a motion to transfer
venue or any other plea or pleading may be heard." See id. at 120a(2). Failure to follow special appearance procedure
waives the issue of personal jurisdiction. See Bruneio v. Bruneio, 890 S.w.2d 150, 153 (Tex. App.--Corpus Christi 1994,
no writ). Because appellant failed to follow this procedure, he has waived his personal jurisdiction issue in his proceeding
against the managing conservator of M.B.

Furthermore, section 152.003 of the family code provides:

(a) A court of this state that is competent to decide child custody matters has jurisdiction to make a child custody
determination by . . . modification decree or order if:

(1) this state:

(A) is the home state of the child on the date of the commencement of the proceeding. . . .

Tex. Fam. Code Ann. § 152.003 (Vernon 1996). (2)

 "Home state" generally means the state in which the child has lived with a parent for the past six months. See Bruneio,
890 S.W.2d at 153; Tex. Fam. Code Ann. § 152.002 (6) (Vernon 1996). Because it is undisputed that M.B. lived in Texas
with her mother for at least six months prior to initiation of the custody proceeding, we conclude that the Texas court had
subject matter jurisdiction. The trial court did not abuse its discretion in exercising jurisdiction in this matter. See Creavin
v. Moloney, 773 S.W.2d 698, 702 (Tex. App.--Corpus Christi 1989, writ denied) (jurisdiction in custody proceeding
reviewed under abuse of discretion standard). Accordingly, appellant's second issue is overruled as to the managing
conservator of M.B.

By his first issue, appellant complains the court erred in denying his petition for writ of habeas corpus because he was
entitled to possession of his children by virtue of the Colorado divorce decree, which he alleges was in full force and effect.

Section 157.372 of the Texas Family Code provides:

[I]f the right to possession of a child is governed by a court order, the court in a habeas corpus proceeding involving the
right to possession of the child shall compel return of the child to the relator only if the court finds that the relator is entitled
to possession under the order.

Tex. Fam. Code Ann. 157.372 (Vernon 1996). It is undisputed that subsequent to the Colorado order, appellant agreed in
the Texas proceeding to, inter alia, joint managing conservatorship of M.B. with the maternal grandparent having the right
to primary possession, and appellant having standard possessory rights. The agreement was reduced to writing and filed
with the court. Later, the Texas court entered a final judgment reflecting those agreements. No appeal was taken from that
judgment. Having determined the Texas court had personal and subject matter jurisdiction over appellant in the custody
proceeding, we conclude the right to possession of M.B. was governed by the Texas order, not the Colorado order. 
Because the Texas order did not entitle appellant to primary possession of the child, the court did not err in refusing to
grant appellant's writ of habeas corpus compelling the return of M.B. See id. Appellant's first issue is overruled as to the
managing conservator of M.B.

Appellee, the Adoptive Mother of K.R.B.

Appellant's parental rights to K.R.B. were terminated subsequent to the filing of this appeal, and on June 30, 2000, this
appellee adopted K.R.B. Appellant did not challenge the termination of his rights as to K.R.B. On August 9, 2000, the
adoptive mother filed a motion to dismiss informing the court of the termination and adoption proceedings. She contends
that because appellant has no legal interest in K.R.B, the appeal as to her should be dismissed as moot. We agree.

Section 161.206 of the Texas Family Code provides that an individual who has been divested of parental rights by a
termination decree loses all legal rights with respect to the children who were the subject of the termination proceeding. 
See Tex. Fam. Code Ann. § 161.206(b) (Vernon 1996). Because appellant's rights to the child have been terminated, we
conclude he has no standing to appeal from the court's denial of his writ of habeas corpus as to the adoptive mother of
K.R.B.

Accordingly, the order of the trial court is affirmed as to M.B.'s managing conservator. The appeal is dismissed as moot as
to K.R.B.'s adoptive mother.

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 9th day of August, 2001.

1. Although appellant asserts he filed a special appearance objecting to the court's jurisdiction, he provides us with no
record references, and our review of the record reveals no such document in the conservatorship proceeding. See Tex. R.
App. P. 38.1(f). Appellant has, thus, waived this contention on appeal. At the hearing on appellant's petition for writ of
habeas corpus we note counsel did make reference to a special appearance filed in the adoption and termination proceeding
of the second minor child, K.R.B. The special appearance, however, does not pertain to the conservatorship of M.B. or to
the issues before us in this appeal against the managing conservator of M.B.

2. In 1999, the Legislature deleted section 152.003 of the family code, and amended it to be included in sections 152.201 to
152.204. See Tex. Fam. Code Ann. § 152.003 (deleted by Acts 1999, 76th Leg., ch. 34, § 1, eff. Sept. 1, 1999); Tex. Fam.
Code Ann. §§ 152.201-.204 (Vernon Supp. 2001). However, a proceeding commenced before the effective date of the
amendments, or September 1, 1999, is to be governed by the law in effect on the date the proceeding began, and the former
law is continued in effect for that purpose. See Tex. Fam. Code Ann. § 152.001 Historical and Statutory Notes (1999
Legislation) (Vernon Supp. 2001). Because the custody proceeding about which appellant complains commenced on
August13, 1999, former section 152.003 applies.