Steve PRIHODA, Appellant,

v.

K.N. MAREK, d/b/a Marek's Western Auto, Appellee.

No. 13–89–484–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 18, 1990.

Charles A. Hood, Port Lavaca, for appellant.

Kent T. Mayfield, Palacios, for appellee.

## OPINION

DORSEY, Justice.

Appellant contests a post-answer default judgment by writ of error. He maintains that error is shown on the face of the record in that the record does not affirmatively reflect that he had notice of the trial setting.

■ The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment (2) by a party to the suit (3) who did not participate in the trial, and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). The test has also been stated that a party appealing by writ of error within six months of final judgment "may obtain relief if the invalidity of the judgment is disclosed by the papers on file in the case." *Pace Sports, Inc. v. Davis Bros. Publishing Co.*, 514 S.W.2d 247, 247–

48 (Tex.1974). In this case, the record is silent on whether notice of trial setting was given. The issue then is whether the absence of evidence of notice to appellant is error on the face of the record. We hold that it is not and affirm the trial court's judgment.

 While it is true that we do not indulge the usual presumptions in support of a judgment in an attack by writ of error, an appellant is not excused from the burden of showing error. *See* Tex.R.App.P. 50(d).

 The record contains two served citations, showing compliance with Tex.R. Civ.P. 107. Although service of citation must affirmatively appear, notice of trial setting need not. *See* Tex.R.Civ.P. 21a, 245. This is because strict compliance with the rules governing issuance and service of citation is necessary to jurisdiction. *See Retail Technologies, Inc. v. Palm City T.V., Inc.,* 791 S.W.2d 345, 346 (Tex.App.—Corpus Christi 1990, no writ) Since notice of trial setting is not jurisdictional, the rule that service must affirmatively appear does not need to extend to notice of setting. Ordinarily, notice of the trial setting does not appear in the transcript.

Appellant cites *Wilson v. Indus. Leasing Corp.,* 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ), for the proposition that notice of trial setting is required for a post-answer default judgment to be valid. In *Wilson,* trial testimony indicated that all mail sent to the defendant was returned as undeliverable. His attorney had withdrawn from the case without his knowledge. Although the papers in the case did not show notice, the record was not silent. The testimony supported the defendant's claim that he could not be located. Thus, we distinguish *Wilson.*

In *Williams v. Holley,* 653 S.W.2d 639, 641 (Tex.App.—Waco 1983, writ ref'd n.r. e.), a post-answer writ of error case, the appellate court refused to set aside a judgment when the defendant did not affirmatively show lack of notice. (The judgment in that case, unlike the judgment in the case at bar, recited that the defendants were notified of the setting through their attorney of record.) We hold that appellant has not shown error on the face of the record. We overrule appellant's point of error.

We AFFIRM the trial court's judgment.