Leonel Madrigal GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–112–CV.

Court of Appeals of Texas,
Corpus Christi.

June 4, 1992.

Glen A. Barnard, Harlingen, for appellant.

Luis V. Saenz, County Criminal Dist. Atty., Oscar Ponce, Asst. County Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN, J., and GERALD T. BISSETT [1], J. (Assigned).

OPINION

SEERDEN, Justice.

Appellant Leonel Madrigal Gonzalez appeals from the judgment of the trial court forfeiting $94,000. By a single point of error, appellant contends that the trial court erred in granting a Post–Answer Default Judgment and forfeiture of the United States currency. We reverse and remand the cause for trial.

On October 24, 1990, pursuant to Tex. Code Crim.Proc.Ann. art. 59.01(2) (Vernon Supp.1992), the State seized what they alleged to be contraband possessed by appellant to be used to purchase 175 pounds of marihuana. Appellant was arrested on the same day and charged with illegal investment and attempted illegal investment. On October 25, 1990, the State of Texas filed a Petition and Notice of Seizure and Intended Forfeiture and appellant signed a waiver of citation and release. On October 31, 1990, appellant filed a verified answer denying that the seized property of $94,000 was subject to forfeiture. The trial court entered a judgment forfeiting the sum to the State of Texas on November 6, 1990, without notice to the appellant.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

In his single point of error, appellant contends that the trial court erred in hearing the case and entering judgment without notice to him after his appearance in the case. The State of Texas contends that he was not entitled to notice since he had executed a waiver and disclaimed any interest in the property.

 Forfeiture proceedings are governed by Tex.Code Crim.Proc.Ann. art. 59 et seq. (Vernon Supp.1992). These cases shall proceed to trial in the same manner as other civil cases. Tex.Code Crim.Proc.Ann. art. 59.05(b) (Vernon Supp.1992). The record shows that appellant filed a verified answer on October 31, 1990, complying with the requirement for filing a response in a civil action. Tex.R.Civ.P. 239.

We first address the question of appellant's right to receive notice of a trial setting after having signed a waiver and release and subsequently filed a verified answer. Appellant contends that he has been denied due process by not receiving notice of a trial setting after having timely filed an answer. If a timely answer has been filed in a contested case, due process rights are violated when judgment is subsequently entered without the party having received notice of the setting of the case. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Wilson v. Indus. Leasing Corp.,* 689 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1985, no writ). The record does not show that appellant or his attorney was served with notice of the setting for the default judgment proceeding.

Next, appellee contends that appellant failed to comply with the Texas Rules of Civil Procedure in failing to show grounds upon which a new trial should be granted. Requiring a defendant to set up a meritorious defense or produce evidence of a defense at the hearing in the absence of notice violates due process rights under the United States federal constitution. *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex. 1988).

The judgment states that Gonzalez filed a Waiver and Release disclaiming all interest in the seized property. However, the judgment fails to reflect that Gonzalez filed a timely answer after filing the waiver. Tex.R.Civ.P. 239 allows judgment by default to be taken any time after the time for an answer is required, provided that an answer has not previously been filed. Appellant did file an answer. Thus, a trial should not have been held without notice, as Tex.R.Civ.Pro. 245 requires in all contested cases. *Schulz v. Schulz,* 726 S.W.2d 256, 258 (Tex.Civ.App.—Austin 1987, no writ).

Tex.R.Civ.P. 119 allows a party to waive notice of citation. Even though appellant signed a waiver, he choose to answer. Having filed an answer, appellant is entitled to the notice required by Tex.R.Civ.P. 239 and 245. The question of appellant's relinquishing any interest in the seized property is an issue to be resolved at trial. We sustain the appellant's point of error. We reverse the trial court's judgment and remand the cause for trial.