Anthony Charles **BRUNEIO,** Appellant,

v.

Maria Cristina S. **BRUNEIO,** Appellee.

No. 13–93–137–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 1, 1994.

Anthony Charles Bruneio, Easton, PA, for appellant.

R.P. (Bob) Sanchez, McAllen, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

**OPINION**

GILBERTO HINOJOSA, Justice.

Anthony Bruneio appeals from that portion of a divorce decree awarding custody of his son, Joseph Bruneio, to the child's mother and Anthony's ex-wife, Maria Bruneio. Anthony raises seven points of error. We reverse and remand.

Anthony and Maria were married in Georgia on April 4, 1991. Maria was a Georgia resident, and Anthony's residence is in dispute between either Georgia or Pennsylvania. Joseph was then born in Atlanta, Georgia, on July 26, 1991. Anthony contends that he and Maria had agreed to move to Pennsylvania in a year or two, though Maria denies any such agreement. Shortly thereafter, the marriage deteriorated and on August 15, 1991, Maria and Joseph moved to either Mexico or Texas. Anthony moved to Pennsylvania and filed for custody of Joseph in a Pennsylvania court on August 26, 1991. Ma-

ria filed the present suit for divorce, custody and support in Texas on February 27, 1992. Anthony filed a special appearance in the Texas suit challenging the Texas court's personal and subject matter jurisdiction. The Pennsylvania court on December 23, 1992, deferred its proceedings to the Texas court, but the Pennsylvania trial court's judgment is presently being appealed in that State. On January 21, 1993, Anthony filed a custody suit in Georgia. In the present Texas lawsuit, trial commenced without Anthony on January 7, 1993, and a subsequent order was entered granting custody to Maria.

By his first point of error, Anthony complains that the trial court failed to conduct a hearing and rule on his special appearance and plea to the jurisdiction.

■ Under the Uniform Child Custody Jurisdiction Act, a Texas court may decide child custody matters if Texas is the home state of the child on the date of the commencement of the proceeding, with "home state" generally meaning the state in which the child has lived with a parent for the past six months. *See* Tex.Fam.Code Ann. §§ 11.52(5), 11.53(a)(1)(A) (Vernon 1986).

■ Unlike adjudications of child support and visitation expense, custody determinations are status adjudications not dependent upon personal jurisdiction over the parents. *In re S.A.V.*, 837 S.W.2d 80, 84 (Tex. 1992); *see also Shaffer v. Heitner*, 433 U.S. 186, 208 n. 30, 97 S.Ct. 2569, 2582 n. 30, 53 L.Ed.2d 683 (1977). Generally, a family relationship is among those matters in which the forum state has such a strong interest that its courts may reasonably make an adjudication affecting that relationship even though one of the parties to the relationship may have had no personal contacts with the forum state. In such a situation, the state's interest in the child's welfare outweighs the nonresident parent's interest in avoiding the burden and inconvenience of defending the suit in Texas. *S.A.V.*, 837 S.W.2d at 84.

■ Jurisdiction over custody issues can be established by demonstrating that Texas has become the child's "home state." Satisfaction of the statutory provisions confers personal jurisdiction over the nonresident as well as subject matter jurisdiction over the case to the extent that the Texas court may determine custody issues. Accordingly, a nonresident's challenge to the court's subject matter jurisdiction over custody issues serves also as a challenge to the court's personal jurisdiction over the nonresident and is properly raised as a special appearance. *Id.* at 85.

Texas Rule of Civil Procedure 120a provides the procedure for a party to challenge the trial court's jurisdiction over his person by sworn motion: "Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided, however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects." Tex.R.Civ.P. 120a(1). The rule specifically requires that "[a]ny motion to challenge the jurisdiction provided for herein .shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." Tex.R.Civ.P. 120a(2).

In the present case, Maria filed her original petition for divorce and for child custody and support on February 27, 1992, in Cameron County, Texas. Anthony then filed a "Plea to the Jurisdiction" on April 3, 1992, complaining, among other things, that Maria had not met the six-month residency requirements and that the trial court lacked personal jurisdiction over Anthony. Anthony repeated these complaints in a series of supplemental pleas to the jurisdiction and pleas in abatement. However, without a hearing or any prior ruling on Anthony's challenge to its jurisdiction, the trial court tried the matter as a default judgment on January 7, 1993, and signed a final divorce decree on January 22, 1993, finding that it had jurisdiction over the present case and dividing the property and awarding custody accordingly.

Maria contends that the trial court heard and denied Anthony's jurisdictional challenges at the time the case went to trial, when Maria presented evidence that she and the child resided in Texas for the statutory

period. However, we do not agree that the trial court could hear and determine Anthony's special appearance concurrently with its trial of the underlying case.

 A specially appearing defendant may not go to trial on the merits in the case without first obtaining a ruling on his special appearance. *Seeley v. Seeley,* 690 S.W.2d 626, 628 (Tex.App.—Austin 1985, no writ). When the defendant is present and allows the case to be thus tried on the merits before the court rules on his special appearance, he effectively enters a general appearance in the lawsuit and waives his right to complain of a lack of personal jurisdiction. *Id.* at 267; *see also Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 326 (Tex.App.—Houston [14th Dist.] 1994, n.w.h.). It is especially inappropriate to litigate the special appearance in connection with the trial of the matter, since there is a definite need for separation of the two procedures and determination of the question of personal jurisdiction first, before requiring Anthony to generally appear and participate in the trial. Accordingly, we agree with Anthony that it is generally improper for the trial court to postpone ruling on a special appearance until the time of trial.

 However, we also note that it is the specially appearing defendant's responsibility timely to request a hearing and secure a ruling on the preliminary question of personal jurisdiction. The specially appearing defendant must not only request a hearing, but specifically call that request to the trial court's attention. He waives his special appearance by not timely pressing for a hearing thereon. *Steve Tyrell Productions, Inc. v. Ray,* 674 S.W.2d 430, 436–37 (Tex.App.—Austin 1984, no writ); *see also Brown v. Brown,* 520 S.W.2d 571, 575 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd) (defendant's failure to set a hearing on his special appearance and present facts showing the court's want of jurisdiction can be construed as a waiver of the special nature of his appearance, so that it amounted to a submission to the court's jurisdiction).

 In the present case, none of Anthony's pleadings specifically request a hearing, nor is there any other indication of record that Anthony sought to obtain a hearing on his challenge to the Texas court's jurisdiction during the nine-month period between the time he specially appeared and the case went to trial. Therefore, we hold that Anthony has waived his challenge to the trial court's personal jurisdiction over him in the present lawsuit.[1] Assuming that Anthony has effectively made a general appearance, we now turn to his second and third points of error complaining that he did not receive the required notice of the trial.

By his second and third points of error, Anthony complains that the trial court failed to give him notice and the opportunity to be heard at trial.

 If a timely answer has been filed, or the defendant has otherwise made an appearance, in a contested case, he is entitled to notice of the trial setting as a matter of due process. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 84–86, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Gonzalez v. State,* 832 S.W.2d 706, 707 (Tex.App.—Corpus Christi 1992, no writ); *Langdale v. Villamil,* 813 S.W.2d 187, 190–91 (Tex.App.—Houston [14th Dist.] 1991, no writ). Even a *pro se* answer in the form of a signed letter that identifies the parties, the case, and the defendant's current address, constitutes a sufficient appearance to require notice to that party of any subsequent proceedings in the case. *Smith v. Lippmann,* 826 S.W.2d 137, 138 (Tex.1992).

 Failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965); *Langdale,* 813 S.W.2d at 190–91.

---

1. Although Anthony may have waived the right to contest personal jurisdiction, we also note that, to the extent that it is intertwined with the question of subject matter jurisdiction, Anthony's challenge that the residency requirements have not been met is still a viable challenge which may be raised at trial.

In the present case, though he has no formal answer on file with the Texas trial court, Anthony has sufficiently appeared in the lawsuit and contested Maria's right to seek custody from the Texas court. Accordingly, he has a constitutional due process right to notification of the trial setting.

Notice of trial setting ordinarily does not appear in the transcript and need not affirmatively appear in the record. *Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex. App.—Corpus Christi 1990, writ denied); *see also Garcia v. Arbor Green Owners Ass'n, Inc.*, 838 S.W.2d 800, 803 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Rather, the law presumes that a trial court will hear a case only after proper notice to the parties. To rebut this presumption, appellant has the burden to show affirmatively a lack of notice by affidavit or other competent evidence. *Jones v. Texas Dept. of Public Safety*, 803 S.W.2d 760, 761 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Welborn–Hosler*, 870 S.W.2d at 328.

In the present case, Anthony alleged lack of notice in his post-judgment "Affidavit and Plea to the Jurisdiction." In addition, Maria acknowledges in her brief that it is undisputed that no notice was given to Anthony of the trial setting. Accordingly, we accept as true Anthony's contention that he did not receive notice of the trial setting. *See Langdale*, 813 S.W.2d at 190–91.

Although Maria concedes that Anthony never received notice of the trial setting, she points to the relevant Texas Rules of Civil Procedure governing notice of trial settings as showing that Anthony waived his right to notice by not properly requesting it. Texas Rule of Civil Procedure 245 provides that:

The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. ....

Texas Rule of Civil Procedure 246 provides that:

The clerk shall keep a record in his office of all cases set for trial, and it shall be his duty to inform any non-resident attorney of the date of setting of any case upon request by mail from such attorney, accompanied by a return envelope properly addressed and stamped. Failure of the clerk to furnish such information on proper request shall be sufficient ground for continuance or for a new trial when it appears to the court that such failure has prevented the attorney from preparing or presenting his claim or defense.

Maria argues that Rule 246 is the operative rule requiring that Anthony first have provided a proper request and a stamped return-addressed envelope to the clerk in order to be entitled to receive notice of the trial setting. We disagree.

These rules must be read in the context of other rules of civil procedure which generally provide for service of notice on "the party to be served, or the party's duly authorized agent or attorney of record." Tex.R.Civ.P. 21a. Accordingly, the notice requirements of Rule 245 are satisfied by serving the party himself, his agent, or his attorney, under the provisions of Texas Rule of Civil Procedure 21a. *See Langdale*, 813 S.W.2d at 190–91; *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.*, 629 S.W.2d 142, 143–44 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). Furthermore, Texas Rule of Civil Procedure 8 also provides that "[a]ll communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge." These rules would suggest that the notice required by rule 245 is sent to the attorney in charge if the party is represented by counsel, or to the party himself if *pro se*.

Whether or not Rule 246 may require a non-resident *attorney* to request notice,[2] it does not apply to Anthony in his

---

**2.** We note that Rule 246 does not define what it means by a "non-resident attorney"—a non-resident of the state, non-resident of the county, or non-resident of the city in which the courthouse

present posture as a *pro se* party to the lawsuit entitled to notice under Rule 245. Moreover, it is irrelevant to the present lawsuit or the application of these rules of procedure that Anthony may be licensed as an attorney in several states not including Texas. *See Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 185 (Tex.1978) (Rule 245 notice required to be sent to *pro se* New York attorney). Because it is undisputed in the present case that the trial court failed to give Anthony notice of the trial setting as required by Rule 245, and he was thereby deprived of a reasonable opportunity to be present and heard at the trial, we sustain his second and third points of error.

Having already found reversible error in his second and third points, we need not address Anthony's remaining points of error. *See* Tex.R.App.P. 90(a).

We REVERSE that portion of the divorce decree granting custody of Joseph to Maria and REMAND for a new trial on the issue of child custody. We AFFIRM the remainder of the divorce decree.

is located? *See Armentrout v. Murdock,* 779 S.W.2d 119, 123 (Tex.App.—Houston [1st Dist.] 1989, no writ) ("non-resident" as applying to Houston, Harris County, attorneys who appeared in a lawsuit in neighboring Galveston County). Accordingly, we believe that the term "non-resident" was intended not so much as a limiting or defining term as merely a descriptive term for those attorneys who may be expected to request mailed notice. This interpretation would be consistent with the idea that Rule 246 does not change or qualify the requirements of Rule 245 concerning due process notice to the parties, but that it merely provides an additional vehicle for notice to any of the various attorneys who may

be working on the case and want direct notification of its setting. Under the provisions of Rule 246, nonresident counsel thus has a more direct means of keeping up with the status of the case rather than relying entirely on the attorney in charge to keep him informed or constantly checking with the clerk to determine whether the case has been set. Accordingly, Rule 246 should not be read to qualify the notice requirements of Rule 245, but to expand the requirements of notice to include non-resident attorneys who would not otherwise be entitled to direct notification of the setting under Rule 245 as the attorney in charge.