**Rudolfo DELGADO, Appellant,**

v.

**Juan HERNANDEZ, Appellee.**

No. 13–96–266–CV.

Court of Appeals of Texas, Corpus Christi.

June 12, 1997.

J. A. Magallanes, Magallanes, Sokat & Hinojosa, Brownsville, for Appellant.

Lucio Garcia Valdez, San Antonio, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A post-answer default judgment was rendered against appellant, Rudolfo Delgado, for tortious interference with an employment relationship. After a trial, which appellant did not attend, the trial court signed a judgment against appellant specifically stating that he had notice of the trial. By two points of error, appellant contends (1) that the trial court erred in denying his motion for new trial because he had no notice of the trial setting and (2) that the evidence is insufficient to support the award of damages. We reverse the judgment and remand the case to the trial court for a new trial.

Appellant, a police officer, informed appellee's employer that while he was writing a traffic ticket near Combes, Texas, appellee nearly hit him with an 18–wheel truck. Appellee and appellant are brothers–in–law. As a result of appellant's allegation, appellee was suspended from his employment for one month pending the outcome of an investigation. Appellee then filed this action.[1]

Appellee alleged in his petition that appellant could be served at the La Feria Police Department. Appellant filed a *pro se* answer and listed his address as Route 1, Box 716 (El Paso Drive), Harlingen, Texas 78552. The court clerk's records, however, incorrectly listed the box number as 717, and all subsequent court documents were sent to Box 717, including the order setting trial for January 22, 1996. After learning of the trial court's judgment from family members, appellant filed a motion for new trial. Attached to the motion was appellant's affidavit stating that he did not have notice of the trial setting. After a hearing, the trial court denied appellant's motion for new trial.

■ By his first point of error, appellant contends that the trial court erred in denying his motion for new trial because he did not have notice of the trial setting. Appellant argues that he was denied fundamental due process and his constitutional right to be present at the trial on the merits and to participate in the trial.

■ A trial court has wide discretion in denying a motion for new trial, and its action will not be disturbed on appeal absent a showing of an abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex. 1983); *Sanchez v. King,* 932 S.W.2d 177, 180 (Tex.App.—El Paso 1996, no writ). The standard of review depends on the complaint preserved by the motion for new trial. *Sanchez,* 932 S.W.2d at 180 (citing *Hicks v. Ricardo,* 834 S.W.2d 587, 590 (Tex.App.—Houston [1st Dist.] 1992, no writ)).

1. Appellee sued Rudolfo Delgado, the Norton Company, and Vanguard Services, f/k/a Pacemaker Employee Leasing, Inc., for discrimination, wrongful termination, infliction of emotional distress, and tortious interference with his employment. Appellee's claims against the Norton Company and Vanguard Services, f/k/a Pacemaker Employee Leasing, Inc., were disposed of by the trial court and are not a part of this appeal.

**99**

If, as in this case, a timely answer has been filed, or the defendant has otherwise made an appearance in a contested case, he is entitled to notice of the trial setting as a matter of due process. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 84–86, 108 S.Ct. 896, 898–900, 99 L.Ed.2d 75 (1988); *Bruneio v. Bruneio,* 890 S.W.2d 150, 154 (Tex.App.—Corpus Christi 1994, no writ); *Gonzalez v. State,* 832 S.W.2d 706, 707 (Tex. App.—Corpus Christi, 1992, no writ); *Langdale v. Villamil,* 813 S.W.2d 187, 190–91 (Tex.App.—Houston [14th Dist.] 1991, no writ). A trial court's failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965); *Bruneio,* 890 S.W.2d at 154; *Langdale,* 813 S.W.2d at 190–91.

Notice of a trial setting ordinarily does not appear in the transcript and need not affirmatively appear in the record. *Bruneio,* 890 S.W.2d at 155; *Prihoda v. Marek,* 797 S.W.2d 170, 171 (Tex.App.—Corpus Christi 1990, writ denied); *see also Garcia v. Arbor Green Owners Ass'n, Inc.,* 838 S.W.2d 800, 803 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Rather, the law presumes that a trial court will hear a case only after proper notice to the parties. To rebut this presumption, appellant has the burden to affirmatively show a lack of notice by affidavit or other competent evidence. *Bruneio,* 890 S.W.2d at 155; *Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 328 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Jones v. Texas Dept. of Public Safety,* 803 S.W.2d 760, 761 (Tex.App.—Houston [14th Dist.] 1991, no writ).

In the instant case, the order setting trial reflects that appellant was to receive a copy of the order. At the hearing on the motion for new trial, the court clerk testified that the order was mailed to appellant at the address listed in the clerk's records. She also testified that no mail sent to that address was ever returned.

That a document was mailed creates a rebuttable presumption that it was received. *Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex.1994). When appellant filed an affidavit stating that he did not receive the notice, the presumption was rebutted. *See id.; Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987). The presumption of receipt is not evidence and vanishes when opposing evidence is introduced showing that the notice was not received. *Cliff,* 724 S.W.2d at 780; *see also Roob v. Von Beregshasy,* 866 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

The record clearly shows that all court documents were mailed to the wrong address. Appellant admits that he occasionally received mail addressed to Box 717. However, this occurred only when the mailman recognized the error or when appellant's neighbor hand-delivered the improperly addressed mail to him. Other than the clerk's testimony, appellee offered no evidence showing that appellant had notice of the trial setting.

We conclude that appellant did not have notice of the trial setting. Accordingly, we hold that the trial court abused its discretion in denying appellant's motion for new trial. We sustain appellant's first point of error.

Because of our disposition of appellant's first point of error, it is not necessary to address his second point of error. TEX. R.APP. P. 90(a).

We reverse the judgment and remand the case to the trial court for a new trial.