NUMBER 13-98- 091-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



THOMAS DAVID TRANUM, Appellant, 



v.

 

OLIMPIA S. TRANUM Appellee. 

___________________________________________________________________ 



On appeal from the County Court at Law

 of Kleberg County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Yañez and Chavez 



Opinion by Justice Yañez

 

 On May 7, 1997, Olimpia Tranum filed, pro se, a petition for divorce in Kleberg County, Texas. Her husband, Thomas
David Tranum, who was serving a sentence in the Texas prison system at the time, replied to the divorce petition by a letter
filed with the district clerk of Kleberg County on May 21, 1997. Mr. Tranum opposed the divorce and stated that Mrs.
Tranum was not a resident of Kleberg County. A final hearing was initially set for September 5, 1997. Mr. Tranum
filed,pro se, an "Original Answer and Motion for Issuance of Bench Warrant" on August 7, 1997, requesting the trial court
issue a bench warrant or continue the divorce hearing until his release from prison. Mr. Tranum followed this motion with
a letter on September 16, 1997, to the court coordinator, again challenging Mrs. Tranum's residency in Kleberg County and
stating that he would be unable to appear in court until after November 1, 1997. The final hearing on the divorce was reset
to October 3, 1997. At the hearing on October 3, 1997, Mrs. Tranum was placed on the stand and testified. Mr. Tranum,
who was apparently still in prison, was not present at the hearing. No evidence was offered except Mrs. Tranum's
testimony. The trial court granted the divorce in a final decree dated October 3, 1997. Appellant brings this restricted
appeal to challenge the divorce decree. 

 Restricted appeals replace writ of error appeals. Tex. R. App. P. 30. A restricted appeal: (1) must be brought within six
months of the judgment being signed; (2) must be brought by a party to the suit; (3) the party cannot have participated in
the actual trial; (4) and the error must be "apparent from the face of the record." Id; DSC Finance Corp. v. Moffitt, 815
S.W.2d 551, (Tex. 1991)(per curiam); Onyx TV v. TV Strategy Group, LLC, 990 S.W.2d 427, 429 (Tex.App.--Texarkana
1999 no pet.). The appellate court may consider all the papers on file in the appeal when determining if there is error on the
face of the record. DSC Finance Corp. v. Moffitt, 815 S.W.2d at 551. Mr. Tranum was a party to the suit, did not
participate in the actual trial, and brought this appeal within six months of the signing of the divorce decree, however
because Mr. Tranum fails to show error apparent on the face of the record, we overrule this appeal and affirm the trial
court. 

 Appellant challenges the divorce decree in five points of error. In his first point of error, appellant argues that the trial
court erred by issuing a no-answer default judgment against him.(1) Having reviewed the record, we conclude that the trial
court did not issue a no-answer default judgment, but rather a post-answer default judgment. 

 A defendant who has filed an answer may not be subjected to a no-answer default judgment. Davies v. Jefferies, 764
S.W.2d 559, 560 (Tex. 1989). When a defendant has made an answer, the plaintiff cannot receive a judgment on the
pleadings, but must offer evidence and prove her case. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). 
Conversely, a no-answer default judgment issues without the introduction of evidence; the facts as pled are considered to
have been admitted by the party that fails to answer. Id. Mr. Tranum filed an "Original Answer and Motion for Issuance of
a Bench Warrant" on August 7, 1997. Therefore it would have been an error for the trial court to issue a no-answer default
judgment against him. 

 Mr. Tranum argues that the judgment issued by the trial court was a no-answer default judgment because the divorce
decree states that he "failed to appear and wholly made default." According to Mr. Tranum, this language creates a
no-answer default judgment. We do not find this language dispositive. The record clearly shows that the trial court held a
hearing and heard testimony before issuing the divorce decree.(2) A default judgment issued after the trial court has held a
hearing and heard evidence is a post-answer default judgment. See id. The divorce decree was a post-answer judgment. 
Point of error number one is overruled. 

 Mr. Tranum's remaining four points of error involve the issue of notice as to the final divorce hearing. He argues, in points
of error two, three, four and five, respectively, that: he was not given forty-five days notice, as required by Texas Rule of
Civil Procedure 245; notice was not given him in the manner required by the Texas Rules of Civil Procedure; the trial court
erred in not determining if he had received notice before rendering the default judgment; and he did not receive notice of
the final hearing. Because these points of error are closely related, we will discuss them together. 

 Appellant argues that the record shows that the trial court did not comply with the rules of procedure pertaining to notice
of trial settings. There is no evidence in the record to support appellant's claim. Generally, notice of trial settings does not
appear in the record. See Prihoda v. Marek, 797 S.W.2d 170, 171 (Tex. App.--Corpus Christi 1990, writ denied)(notice of
trial setting does not ordinarily appear in the transcript). There is a presumption that "a trial court will hear a case only after
proper notice to the parties." Delgado v. Hernandez, 951 S.W.2d 97, 99 (Tex. App.--Corpus Christi 1997, no writ). The
appellant bears the burden of showing error on the face of the record. Id. An appellant appealing a default judgment by
restricted appeal bears the burden of affirmatively showing a lack of notice. Prihoda, 797 S.W.2d at 171; Williams v.
Holley, 653 S.W.2d 639, 641 (Tex. App.--Waco 1983, writ ref'd n.r.e.). 

 The divorce decree states that Mr. Tranum was "duly and properly notified of trial." Copies of two letters notifying Mrs.
Tranum, each with a notation that a copy was to be sent to Mr. Tranum at his prison address, are contained in the record. 
There is no evidence in the record to support Mr. Tranum's claims that he either received insufficient notice or no notice at
all. Points of error three and five are overruled. 

 The Texas Rules of Civil Procedure require that a party be given notice of the first trial setting of a contested case at least
forty-five days prior to the trial date. Tex. R. Civ. P. 245. The court may reset the case "to a later date on any reasonable
notice to the parties . . . ." Id. The record shows the Kleberg County Court of Law sent a letter on July 18, 1997 to Olimpia
Tranum, containing a notation that a copy was to be sent to Thomas Tranum, advising that the divorce had been set for final
hearing on September 5, 1997. This letter provided notice over forty-five days prior to the trial setting. The trial court sent
another letter, dated September 9, 1997, setting the final hearing for October 3, 1997. This letter also contained a notation
that a copy was to be sent to Mr. Tranum. There is no evidence in the record that either of these notices were not sent. The
court complied with the requirement of rule 245 by providing over forty-five 45 days notice of the first trial setting. The
court also provided almost a full month of notice for the resetting, which is a reasonable period of notice for the resetting. 
Point of error number two is overruled. 

 In his fourth point of error, Mr. Tranum argues that the trial court erred by rendering a default judgment without
determining if he had received notice of the final hearing. As noted above, it is presumed that a trial court hears a case only
after proper notice to the parties. Delgado v. Hernandez, 951 S.W.2d at 99. At the beginning of the hearing, the trial judge
stated on the record that Mr. Tranum had been in contact with the court. On the record of the hearing, the trial court
commented that Mr. Tranum replied to the petition for divorce and made a reference to a return receipt, apparently from the
divorce petition. The divorce decree states that Mr. Tranum was "duly and properly notified." Mr. Tranum points to no
evidence supporting a claim that the court did not consider his right to notice before issuing the default judgment. Point of
error number four is overruled. 

 Judgment of the trial court is AFFIRMED. 





 ________________________ 

 LINDA REYNA YAÑEZ 

 Justice 



Do not publish. 

TEX. R. APP. P. 47.3. 



Opinion delivered and filed this 

the 1st day of June, 2000. 

1. Appellant does not appeal the denial by the trial court of his motion to continue.

2. The hearing was recorded electronically.