NUMBER 13-00-151-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


MARK HENERY TAYLOR , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 28th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


Appellant, Mark Taylor, appeals from a post-answer default judgment granted for the State on the basis that he did not
appear for trial. The question raised on appeal is whether the trial court erred in entering the post-answer default judgment
when appellant claims he did not receive notice of either the trial setting or the default judgment hearing. We affirm. 

I. Background


On February 2, 1998, the State filed in the 28th District Court of Nueces County a Notice of Seizure and Intended
Forfeiture against appellant, seeking forfeiture of $2,368, which the State confiscated from appellant while he was allegedly
involved in a drug transaction. The State alleged that the money was contraband subject to seizure under the forfeiture
statute, Chapter 59 of the Texas Code of Criminal Procedure. Appellant filed an answer pro se. In a letter dated July 1,
1999, the State confirmed to the court coordinator for the 28th District Court that the case was set for a bench trial on
November 12, 1999. The letter indicates that a copy was forwarded to appellant at his prison address at the Connelly Unit
in Kenedy, Texas.

On November 12, 1999, the trial court heard the petition. Counsel for the State appeared, but appellant neither appeared
nor participated in the trial. The State moved for a default judgment. On November 12, 1999, the trial court signed a
default judgment, granting forfeiture of the $2,368. Appellant filed a timely motion for new trial, which was overruled by
operation of law. Appellant appeals pro se.

II. Analysis


By two points of error appellant asserts that the trial court abused its discretion in entering the default judgment, because he
never received notice of either the trial setting or the default judgment hearing. If as in this case the defendant has timely
filed an answer or has otherwise made an appearance in a contested case the defendant is entitled to notice of the trial
setting as a matter of due process. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-86 (1988); Delgado v. Hernandez,
951 S.W.2d 97, 99 (Tex. App.-Corpus Christi 1997, no writ). A trial court's failure to comply with the rules of notice in a
contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an
appropriate manner, and results in a violation of fundamental due process. Armstrong v. Manzo, 380 U.S. 545, 550 (1965);
Delgado, 951 S.W.2d at 99.

Notice of a trial setting ordinarily does not appear in the transcript and need not affirmatively appear in the record. 
Delgado, 951 S.W.2d at 99; Bruneio v. Bruneio, 890 S.W.2d 150, 155 (Tex. App.-Corpus Christi 1994, no writ). Rather
the law presumes that a trial court will hear a case only after proper notice to the parties. Delgado, 951 S.W.2d at 99;
Bruneio, 890 S.W.2d at 155; Welborn-Hosler v. Hosler, 870 S.W.2d 323, 328 (Tex. App.-Houston [14th Dist.] 1994, no
writ) (citing cases). To rebut this presumption appellant has the burden to show affirmatively a lack of notice by affidavit
or other competent evidence. Delgado, 951 S.W.2d at 99; Bruneio, 890 S.W.2d at 155. This burden is not met by merely
claiming in a motion for new trial, unsupported by affidavit or other competent evidence, that there was no proper notice. 
Welborn-Hosler, 870 S.W.2d at 328; Trevino v. Gonzalez, 749 S.W.2d 221, 223 (Tex. App.--San Antonio 1988, writ
denied).

Here appellant claims lack of notice by statements in his appellate brief. In his affidavit attached to the motion for new
trial, however, he does not mention any lack of notice. Rather he states that "I was informed that I would be present for the
Court date on November 12, 1999. . . ." Appellant thus failed to rebut the presumption of proper notice. We overrule the
points of error.

We AFFIRM the trial court's judgment.



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.