

NUMBER 13-14-00462-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALAMO HOME FINANCE, INC.
AND GONZALEZ FINANCIAL
HOLDINGS, INC.,                                                          Appellants,

v.

MARIO DURAN AND MARIA DURAN,                              Appellees.

On appeal from the 92nd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellants Alamo Home Finance, Inc. (Alamo) and Gonzalez Financial Holdings,

Inc. (Gonzalez) appeal the denial of their motions for new trial to vacate the no-answer

and post-answer default judgments entered against them, respectively, in favor of appellees Mario and Maria Duran. The Durans filed a motion for appellate sanctions against Alamo, who then filed its own counter-motion for sanctions against the Durans. We reverse the trial court's denial of appellants' motions for new trials, deny both motions for sanctions, and remand to the trial court for proceedings consistent with this opinion.

## I. BACKGROUND

The Durans allege that on or around August 18, 2007, they entered into a contract with Gonzalez whereby Gonzalez would advance funds to the Durans to pay taxes they owed on several tracts of land they owned (the land); the loan was secured by the deed of trust on each property. There is a dispute as to the exact terms of the contract, but the Durans claim that under the agreement, Gonzalez was to provide insurance on the land. Around July 23, 2008, the land sustained heavy windstorm and water damage when Hurricane Dolly devastated the area. At this point, the Durans claim that they attempted to file an insurance claim under the policy they believed that Gonzalez had purchased for the land, pursuant to their agreement. However, the Durans testified that their claim was denied because apparently Gonzalez had not purchased an insurance policy on the land. The Durans filed their first petition on January 30, 2009 against a single defendant: Gonzalez. The petition contained allegations of breach of contract, negligence, and violations of the Texas Deceptive Trade Practices Act (DTPA). Gonzalez answered the petition and claimed that the deeds of trust the Durans executed specifically required the Durans to purchase insurance on the land.

On March 26, 2010, the Durans filed their First Amended Petition, alleging the same causes of action against Gonzalez and adding two new defendants: Texas

2

Windstorm Insurance Association and Vela's Insurance Agency.[1]  On November 9, 2010, the Durans filed their Second Amended Petition adding "Alamo Home Finance" as a defendant, claiming negligence and DTPA violations against it.  The affidavit of service sets out that "Alamo Home Finance" was served with a citation and Plaintiff's Original Petition (the petition that only named Gonzalez as a defendant).  Service was effected by Marilyn Stroud, a civil process server.  The return-of-service green card from the U.S. Postal Service states that Veronica Cordell accepted service.  However, Alamo contends on appeal that Cordell's signature is completely illegible and that there is no indication on the return receipt as to how Cordell is associated with Alamo.  Both the "addressee" and "agent" boxes on the return receipt were left unchecked, and neither the return receipt nor the citation indicated that Corporation Service Company, Alamo's registered agent for service, was the one receiving the service.  Alamo never filed an answer.

Gonzalez claims that, up until this point, it had been receiving pleadings and communications from the Durans' counsel.  However, it asserts that in February 2013, the Durans' attorneys withdrew from the case and, in May 2013, Gonzalez retained new counsel.  Gonzalez contends that after February 2013, its new attorney did not receive any communications concerning trial hearings from the Durans' new counsel or from the trial court.  On October 10, 2003, the trial court held a docket control conference. Gonzalez and Alamo failed to appear and the trial was set for May 12, 2014.

At the hearing on May 12, 2014, the Durans orally moved for default judgment based on the original petition; the trial court entered a default judgment against Alamo and Gonzalez on May 16, 2014.  On June 11, 2014, Gonzalez filed a motion for new trial

---

[1] Neither Texas Windstorm Association nor Vela's Insurance Agency is a party to this appeal.

3

alleging that its counsel was completely unaware of the trial date. Gonzalez argued that the address and contact information for its new attorney were incorrect in the court records, thereby preventing Gonzalez's counsel from receiving notice of trial settings. Furthermore, Gonzalez claimed that its counsel never received the docket control order or notice of any hearings; notice was therefore improper and a new trial should have been granted based on the *Craddock* test. *See Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (Tex. 1939). After a hearing on the motion, the trial court denied Gonzalez's motion for new trial by written order.

On June 16, 2014, Alamo filed a motion for new trial asserting that a new trial was necessary based on *Craddock*. Alamo attached an affidavit from its President, Mr. Augustus Arellano, in which he averred that he had never heard of the lawsuit until he received notice of the default judgment entered against the company. Alamo asserts that even if its agent did receive notice, Arellano did not remember receiving notification of the suit. On August 11, 2014, Alamo filed an amended motion for new trial, further pointing out what Alamo believed to be jurisdictional defects concerning the issuance and service of citation. Alamo argued that default judgments require strict compliance with the Texas Rules of Civil Procedure. Alamo's amended motion for new trial was overruled by operation of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). We also review a trial court's granting of a default judgment for an abuse of discretion.

*Cottonwood Valley Home Owners Ass'n v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.).

**a.    Strict Compliance with Rules of Service and Notice**

Default judgments should be vacated on direct attack (e.g., motion for new trial, an appeal, or a bill of review) when the prevailing party fails to strictly comply with statutory notice provisions.  *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012).  It is irrelevant whether or not the issue of improper service was raised in a motion for new trial because "a defendant may raise a defective-service complaint for the first time on appeal." *Lee Hoffpauir, Inc. v. Kretz*, 431 S.W.3d 776, 780 (Tex. App.—Austin 2014, no pet.) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)).  A judgment is void "if the defects in service are so substantial that the defendant was not afforded due process." *PNS*, 379 S.W.3d at 275.  There are no assumptions of valid issuance of service on direct appeal of a default judgment.  *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994).  "For well over a century, [the Supreme Court] has required that strict compliance with the rules for service of citation *affirmatively appear on the record* in order for a default judgment to withstand direct attack."  *Id.* (emphasis added).

Likewise, a defendant is entitled to notice of trial settings, such as hearings; failure to receive such notice "deprives a party of his constitutional right to be present at the hearing . . . and results in a violation of fundamental due process." *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex. App.—Corpus Christi 1997, no writ).  Even though there is no presumption of valid service on appeal, there is a presumption that all properly served parties received proper notice of trial settings and hearings.  *Id.*  The moving party must present  evidence  to  rebut  the  presumption  that  notice  was  received.    *Id.*    "The

5

presumption of receipt is not evidence and vanishes when opposing evidence is introduced showing that the notice was not received." *Id.*

**b.** *Craddock* **Factors**

Even assuming service is proper, default judgments can still be overturned on other equitable grounds. "Texas courts view an appeal from a default judgment somewhat differently than an appeal from a trial on the merits. In part, this is because an adjudication on the merits is preferred in Texas." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992). Specifically in the context of a motion for new trial to set aside a default judgment, the Supreme Court of Texas has identified three factors that must be analyzed on appeal, also known as the *Craddock* test:

> A trial court must set aside a default judgment if (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise work an injury to the plaintiff.

*Milestone Operating, Inc. v. ExxonMobil Corp.,* 388 S.W.3d 307, 309 (Tex. 2012) (quoting *Craddock,* 133 S.W.2d at 126) (internal quotations omitted). Even though *Craddock* addressed a no-answer default judgment scenario, the same prerequisites have been applied to set aside a post-answer default judgment. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). In essence, when any default judgment is attacked directly, the critical question is: "Why did the defendant not appear?" *See Milestone*, 388 S.W.3d at 309. If the defendant did not appear because he never received citation or notice of trial settings, then the default judgment should be set aside. *Id.* If the defendant received notice but has some other reason for not answering or appearing, then the defendant must prove all three elements of the *Craddock* standard to

6

set aside the default judgment. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Dolgencorp of Tex.*, 288 S.W.3d at 926.

A defendant satisfies the first prong of the *Craddock* test when "its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Milestone*, 388 S.W.3d at 310. This is not a "negligence" standard: "the *Craddock* standard is one of intentional or conscious indifference—that the defendant knew it was sued but did not care." *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008) (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 575–76 (Tex. 2006) (per curiam)).

The second *Craddock* element requires the defendant to "set up a meritorious defense by alleging facts, supported by an affidavit or other evidence, which in law would constitute a defense to the cause of action pled by the plaintiff." *In re A.P.P.*, 74 S.W.3d 570, 574 (Tex. App.—Corpus Christi 2002, no pet.). This does not require the defendant to actually prove the defense. *Id.* A court should not deny a motion for new trial under *Craddock* on the basis of any contradictory evidence offered by the opposing party. *Id.* The meritorious defense need not necessarily negate every cause of action; a defense is meritorious if it would simply produce a different result upon retrial. *Jaco v. Rivera*, 278 S.W.3d 867, 873 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Under the third element of the *Craddock* test, the defendant must establish that granting the motion for new trial would not occasion an unjust delay or injury to the

plaintiff. 133 S.W.2d at 126. In evaluating the third *Craddock* element, the court can look to several factors to indicate a lack of injury and harm, such as a defendant's offer to reimburse the plaintiff for the cost of obtaining the default judgment and the defendant's willingness to proceed to trial almost immediately. *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986). However, these two factors are not exclusive or dispositive; even though these may be "important factors" in determining whether a new trial should be granted, "the court should deal with the facts on a case-by-case basis in order to do equity. Failure to offer reimbursement should not in every instance preclude the granting of a new trial." *Id.*

## III. DISCUSSION

In one combined issue on appeal, Gonzalez and Alamo assert that it was an abuse of discretion to deny their motions for new trial. Under the applicable tests, we conclude that the trial court abused its discretion in denying the motion for new trial as to Alamo and as to Gonzalez. Specifically, we conclude that Alamo was not served in strict compliance with the Texas Rules of Civil Procedure and Gonzalez did not receive appropriate notice of trial settings. *See* TEX. R. CIV. P. 107; *Delgado*, 951 S.W.2d at 99. Furthermore, both Alamo and Gonzalez met all three elements of the *Craddock* test. *See Craddock,* 133 S.W.2d at 126.

### a.    Strict Compliance with Rules of Service and Notice

We begin with Alamo's claims. Alamo argues that it is entitled to a new trial because it was not served in strict compliance with the Texas Rules of Civil Procedure.[2]

---

[2] As we noted above, such an argument can be raised for the first time on appeal. *See Lee Hoffpauir, Inc. v. Kretz*, 431 S.W.3d 776, 780 (Tex. App.—Austin 2014, no pet.). Thus, the Durans' argument that the issue was not properly preserved holds no merit.

8

We agree with Alamo that the record does not affirmatively reflect strict compliance with the rules of service. Several deviations from the rules of service occurred in the issuance of citation. The citation was addressed "TO: ALAMO HOME FINANCE CORPORATION SERVICE COMPANY d/b/a CSA-LAWYERS INCORPORATION SERVICE COMPANY" instead of reading "ALAMO HOME FINANCE, *INC. by serving its registered agent* CORPORATION SERVICE COMPANY d/b/a CSA-LAWYERS INCORPORATIN SERVICE COMPANY." (italics added). This citation is defective on its face by failing to indicate that service is being effected through Alamo's registered agent. *See Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (finding that serving "Hercules Concrete Pumping" did not correctly serve "Hercules Concrete Pumping Service, Inc." and further holding that serving "George Block . . . of Hercules Concrete Pumping" does not establish that the person served was in fact a registered agent for service of process); *see also Barker CATV Const., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (finding a return of service insufficient where it did not state that it was delivered to the corporation "through its registered agent" James M. Barker).[3]

Even more defects appear on the face of the affidavit of service. In her affidavit of service, Stroud swears that she served "Alamo Home Finance—Corporation Service Company d/b/a CSA-Lawyers Incorporation Service Company" (which also incorrectly

---

[3] The citation in this case also left out "Inc." in naming Alamo. By itself, that is a relatively minor omission but it reflects a lack of strict compliance with the rules of service when viewed in conjunction with the other more severe defects. *See Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

identifies the parties) with a true copy of: 1) the citation, and 2) Plaintiff's Original Petition. Stroud did not avow that she served Alamo with Plaintiff's Second Amended Petition, which is the petition that added Alamo as a party. Instead, Alamo was served with a petition that did not name Alamo as a party to the lawsuit. The Durans did not attempt to correct or amend the return of service at any time.

The Texas Supreme Court in *Primate* addressed a very similar fact pattern and found the service to be wholly defective:

> If the facts as recited in the sheriff's return, pre-printed or otherwise, are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment. Under the current state of the record, the only proof that Primate Construction was served with anything at all is a return which recites service of a pleading in which it had not been sued.

884 S.W.2d at 153. It is the plaintiff's duty to see that service is properly accomplished. *Id.* If the plaintiff did nothing to fix the defective service, then there is error on the face of the record and the default judgment must be set aside. *See id.* Here, the only proof that Alamo was served with anything at all is a return of service reciting service of a pleading that does not mention Alamo as a defendant.

Even the return of service itself does not reflect compliance with the rules of service of process; it shows service upon Alamo Home Finance but does not indicate that Alamo was served through its registered agent. In addition, the return of receipt is signed, illegibly, by a Veronica Cordell. Both the "agent" and "addressee" boxes are left unchecked. Nowhere in the record is there any indication as to what connection Cordell has to Alamo. The record, on its face, shows that the return was not signed by the addressee or agent. *See* TEX. R. CIV. P. 107; *Primate*, 884 S.W.2d at 153; *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.—Fort Worth 2003, no pet.)

10

(finding that when citation is served by authorized person, the return must contain the addressee's or agent's signature). We conclude that the errors of service are so numerous that Alamo was not afforded due process. *See PNS*, 379 S.W.3d at 275. The default judgment entered against Alamo cannot withstand direct attack.

We turn now to Gonzalez. Gonzalez claims that it did not appear for docket calls and trial hearings because it was not notified of trial settings. "Notice of a trial setting ordinarily does not appear in the transcript and need not affirmatively appear in the record." *Delgado*, 951 S.W.2d at 99. The law presumes that both parties had adequate notice of any trial settings. *Id.* Therefore, the burden is on the moving party to affirmatively show a lack of notice by affidavit or other competent evidence. *Id.* The indication in the record that Gonzalez was faxed documents by the court creates a rebuttable presumption that it was received. *See id.* However, the affidavit by Gonzalez's counsel swearing that no documents were received (because the fax number the court claimed to have sent the documents to was a different number than the fax number Gonzalez used) rebutted the presumption of notification. *See id.* The record on its face shows that notice was sent to a fax number that is not the fax number on file with the trial court for Gonzalez. The Durans did not offer any other evidence to indicate that Gonzalez actually had notice of trial settings. Since the presumption of receipt vanished, there was no evidence remaining to establish that Gonzalez had notice of the trial settings. This resulted in a violation of fundamental due process; as such, it was an abuse of discretion to deny Gonzalez's motion for new trial. *See id* at 97.

b. *Craddock* **Factors**

11

However, even assuming that notice was proper on Alamo and Gonzalez, the equitable factors of *Craddock* lean in favor of granting motions for new trial. To set aside a default judgment under *Craddock*, a party must show that: 1) receiving the default judgment was not intentional or due to conscious indifference; 2) the party possesses a meritorious defense; and 3) granting the motion for new trial would not cause unjust harm or delay to the plaintiff. *Drewery,* 186 S.W.3d at 575.

Both Alamo and Gonzalez make factual assertions that, if taken as true, would tend to show that their absence from the trial settings were not intentional. Alamo, as discussed above, claims it never knew it was even a defendant until default judgment was entered against it. Alamo's President filed an affidavit testifying to that effect. Gonzalez's counsel filed an affidavit stating the trial court's contact information for him was incorrect. The last contact that Gonzalez's new counsel received from the court was a fax confirming that the new counsel had been substituted for the old counsel. After that point, Gonzalez received nothing further and so did not learn of the default judgment until counsel for Alamo informed Gonzalez of it.

The Durans assert that a defendant cannot "sit back and do nothing, and . . . expect a new trial to be granted." While true in the abstract, this has no application to the current case because it presumes that appellants knew about the suit and defiantly ignored it. The record simply does not reflect the sort of wanton indifference that the Durans accuse Alamo and Gonzalez of possessing. The affidavits, taken as true, do not show a "pattern of conduct" reflective of conscious indifference. *See Levine*, 248 S.W.3d at 168 (holding that defendant was consciously indifferent when it was in regular contact with the court, promised to make certain filings and appear, but then did not fulfill those commitments);

12

*see also Sutherland*, 376 S.W.3d at 756 (finding no conscious indifference even when a defendant received proper service but forgot about the case because "the citation was left in a stack of papers on a desk and forgotten about because of limited time spent at the office due to weather conditions over a nearly three-week period during the Christmas holiday season.").

Secondly, the moving party must show that it possesses a meritorious defense. The Durans claim that Gonzalez and Alamo fail on this test, specifically because Gonzalez did not attach any affidavits to its motion for new trial and Alamo only set forth "conclusions" instead of facts. However, the Durans are attempting to impose too great a burden on Alamo and Gonzalez. Defendants seeking a new trial are not required to actually prove their defense; they must merely allege, by affidavit or other competent evidence, facts that if taken as true would be a defense to at least one of the plaintiff's causes of action. *See In re A.P.P.*, 74 S.W.3d at 574. Alamo's President filed an affidavit swearing that the Durans told Alamo at the time the loan was procured that they did not want insurance because they already had it. This is more than a mere legal conclusion. If this factual allegation is true, this would negate Alamo's obligation to purchase insurance for the Durans and would likely produce a different outcome upon a retrial. *See Jaco*, 278 S.W.3d at 873. Likewise, Gonzalez provides competent evidence to defend against the Durans' claims. Even though Gonzalez did not submit an affidavit, as the Durans point out, Gonzalez submitted other competent evidence in the form of the deed of trust. The trust states that the property owners (the Durans) will be responsible for maintaining insurance. This fact would be a meritorious defense, if true. Both Alamo and Gonzalez have provided sufficient evidence to show a meritorious defense.

The last prong of the *Craddock* test requires the moving parties to show no unjust harm or delay to the plaintiff. *See* 133 S.W.2d at 126. The Durans claim both Alamo and Gonzalez fail this prong of the test since they have not offered to pay the Durans' costs. However, lack of offer to reimburse for costs is not dispositive. *See Angelo,* 713 S.W.2d at 98. The court can, and should, also consider the moving parties' willingness to go to trial promptly as well as other factors indicating a willingness to go to trial. *Id.* Neither Alamo nor Gonzalez have offered to reimburse the Durans for the cost of obtaining the default judgment. However, both Alamo and Gonzalez generally appear willing to proceed to trial promptly as evidenced by statements and assertions in their briefs. If anything, the Durans have exhibited less willingness to go to trial than appellants; this case was almost dismissed for want of prosecution. Alamo and Gonzalez, learning of the default judgment, were active in the case and stayed in constant contact with the court; they both filed motions for new trials and participated in a hearing on the motions. Both Alamo and Gonzalez have satisfied the third factor of the *Craddock* test.

We conclude that Alamo was not served in accordance with the rules of service and Gonzalez was not properly notified of trial settings. Furthermore, even assuming that service and notice was proper, both parties have met the equitable standards of the *Craddock* test. Therefore, it was an abuse of discretion to deny appellants' motions for new trial. We sustain Gonzalez and Alamo's issue on appeal.

## IV. SANCTIONS

The Durans filed a motion for appellate sanctions against Alamo for filing a motion for submission that was allegedly not supported by any legal basis. Alamo filed a counter-motion for sanctions against the Durans for allegedly making misstatements,

14

misrepresentations, and groundless arguments throughout the case. There are numerous grounds upon which appellate courts are authorized to grant sanctions. *See* TEX. R. APP. P. 45, 52.11, 62. However, neither party cited any of these statutes or referenced any authority for its respective position. None of the above referenced statutes seem to apply to the type of conduct alleged of in this case. Without specific reference to a statute or a basis for granting the motion, we cannot fully determine whether any of the questioned actions are worthy of sanctions. We deny both motions for sanctions.

## V. CONCLUSION

We reverse the trial court's order denying the motions for new trial, deny both motions for sanctions, and remand to the trial court for further proceedings in accordance with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
16th day of July, 2015.