COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF P.C. AND K.P.C., minor children. | § | No. 08-09-00081-CV |
| | § | Appeal from the |
| | § | 388th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2001CM8131) |
| | § | |

**O P I N I O N**

Appellant, Irma Primero, appeals the trial court's order modifying visitation. In two issues, she complains of a due-process violation and alleges that the trial court's visitation order is vague. Agreeing that the trial court violated Primero's due-process rights, we reverse and remand for further proceedings without addressing her other complaints.

**BACKGROUND**

Primero and Juan Castillo married in 1972, and later had two children, P.C. and K.P.C. In 1997, the pair divorced in Mexico, and according to the terms of the Mexican divorce decree, Primero was granted custody of the children and Castillo was ordered to pay child support. Sometime later, both parties moved to El Paso, Texas. On January 20, 2004, Castillo filed a motion to modify custody in Texas, and after a trial, the trial court modified the divorce decree, appointing Castillo as sole managing conservator with exclusive right to designate the residency of the children. The trial court also ordered Primero to pay child support in the amount of $187.50 per month.

On November 29, 2007, Primero filed a petition to modify her child-support obligation. Castillo filed a general denial, and the case was referred to the associate judge. On September 12,

2008, Primero appealed the associate judge's ruling to the referring court. On December 11, 2008, the parties announced ready for trial, and the court set the case for final hearing on February 3, 2009.

Seven days later, Castillo filed a cross-motion seeking to modify Primero's access to and possession of the children, requesting that the court modify Primero's periods of possession from standard to "structured visitation in El Paso, Texas at the Child Crisis Center." Subsequently, on February 3, 2009, Primero's counsel filed an "Agreed Motion to Withdraw," which noted that Primero wanted to represent herself *pro se* and asked the court to allow her counsel to withdraw from the case. The motion also acknowledged that counsel had informed Primero of all pending settings and deadlines in the case, including the final hearing set for Tuesday, February 3, 2009, at 9 a.m.

On February 3, 2009, the court held the final hearing on Primero's motion to modify her child-support obligation. Prior to the hearing, however, the court heard counsel's motion to withdraw, and with the aid of an interpreter, Primero, who speaks Spanish, asked that counsel continue to represent her for the sole matter of child support. The trial court granted Primero's request but did not grant counsel's motion to withdraw at that time. Rather, she informed the parties that the motion would be granted after the entry of the final order on child support. The court then granted Primero's request to modify her child-support obligation and ordered counsel to prepare an order. Once the order was prepared and signed, the court indicated that it would sign another order granting counsel's motion to withdraw.

During the same hearing, the court orally set Castillo's cross-motion to modify visitation for March 2, 2009. The court asked Primero if she understood that the motion to modify filed by Castillo was set for March 2, 2009, and Primero responded "no." Counsel, however, informed the court that he would explain it to Primero. The court then instructed Castillo's attorney to prepare the order setting the hearing. No written order setting the hearing was ever prepared, signed, or

entered, and nothing in the record indicates that notice was issued and served on Primero or that she received actual notice of the hearing apart from counsel's statement that he would explain it to her.

On March 2, 2009, the court held a hearing on Castillo's motion to modify. However, neither Primero, nor her former attorney were present. The court recognized that there was no notice of setting contained in its file and indicated that she did not "want to waste time doing this twice." However, the court acknowledged that one witness was waiting to testify by phone and proceeded with the hearing. At the conclusion of the hearing, the court granted Castillo's motion to modify "with the caveat that the arrangements be made at the crisis center for supervised access." The written order, however, does not state when the visits should occur, how often they should occur, or how long they may last.[1]

## DISCUSSION

In Issue One, Primero contends that the trial court committed reversible error by rendering, in essence, a default judgment modifying visitation despite any evidence in the record establishing that she received notice of the hearing.[2] We agree.

Certainly, a petitioner is entitled to notice of a trial setting as a matter of due process. *In re Brilliant*, 86 S.W.3d 680, 693 (Tex. App. – El Paso 2002, no pet.); *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App. – Tyler 1999, no writ). Indeed, the United States Supreme Court has noted that the "fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover*

---

[1] We note that the order is insufficient to establish visitation; however, given our resolution of the first issue, we need not address the second.

[2] Castillo has not filed a brief responding to Primero's assertions.

*Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). "Failure to give notice violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), *quoting Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965).

The law presumes that a trial court will hear a case only after proper notice to the party. *Platt*, 991 S.W.2d at 484; *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex. App. – Corpus Christi 1997, no writ). Rule 245 states that a court "may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the [c]ourt may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties." TEX. R. CIV. P. 245. Such notice, unless otherwise directed by the court, must be written, served on all other parties, and filed with the clerk. TEX. R. CIV. P. 21a; El Paso County Local Rule 3.03(B), *available at* http://www.epcounty.com/councilofjudges/documents/elpasocountylocalrules.pdf (last visited 3/30/11). Accordingly, when a trial court fails to comply with the rules of notice in a contested case, the unnoticed party is deprived of the constitutional right to be present at the hearing and to voice her objections, which results in a violation of due process. *Armstrong*, 380 U.S. at 550; *Brilliant*, 86 S.W.3d at 693; *Langdale v. Villlamil*, 813 S.W.2d 187, 190-91 (Tex. App. – Houston [14th Dist.] 1991, no writ).

Here, the court orally set the motion to modify visitation for March 2, 2009. Although Primero was present when the court set the hearing, we cannot conclude, under the facts of this case, that such "notice" was sufficient to alleviate any due-process concerns. First, when the court asked if Primero understood that the motion was set for March 2, 2009, Primero, who spoke Spanish and

was using an interpreter, answered no. Although Primero's counsel stated that he would explain it to her, the discussion between Primero and her counsel is not on the record, and her counsel never filed anything with the court, stating that he did in fact explain that the motion was set for March 2, 2009. Moreover, we note that although confusing, the record seemingly reflects that the court verbally granted counsel's withdrawal from the case as to all matters save the child-support issue at the hearing on February 3, 2009, as the court simply requested counsel to stay on to prepare the final order on child support. Thus, it seems clear, by counsel's failure to attend the cross-motion to modify visitation hearing on March 2, 2009, that counsel was not representing Primero concerning the motion to modify visitation for which confusion of that hearing date was acknowledged on the record. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745-46 (Tex. 2005) (notice served on former attorney was no longer notice to litigant after attorney withdrew).

In any case, as stated above, notice of the hearing for March 2, 2009, based on the facts of this case, was required to be in writing. Although oral notice of a hearing may be sufficient in certain situations, here, the trial court expressly instructed Castillo's attorney to reduce the oral setting to a written order. However, Castillo's attorney never reduced the oral setting to a written order as instructed by the trial court, and the court acknowledged as much at the hearing on March 2, 2009. To alleviate any due process concerns, the trial court was required to comply with her rules of notice in this contested case. *See Langdale*, 813 S.W.2d at 191. Because it did not, and because the record does not contain any written notice of the hearing, much less that such notice was given to Primero, we cannot conclude that Primero had notice of the hearing. And because the rules of notice were not complied with in this contested case, Primero was certainly deprived of her constitutional right to be present at the hearing and to voice her objections, which resulted in a violation of fundamental due process. Therefore, we find that the judgment modifying visitation

should be set aside and sustain Primero's first issue. *Brilliant*, 86 S.W.3d at 693; *Langdale*, 813 S.W.2d at 191 (cases reversing judgment when there was no evidence in the record to show that losing party received notice of the setting).

## CONCLUSION

Having sustained Primero's first issue, we do not address the second. Accordingly, the trial court's judgment is reversed, and the case is remanded for further proceedings.


GUADALUPE RIVERA, Justice

March 30, 2011

Before Chew, C.J., McClure, and Rivera, JJ.