ACCEPTED
13-15-00083-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/20/2015 11:40:35 AM
DORIAN RAMIREZ
CLERK

**No. 13-15-00083-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/20/2015 11:40:35 AM
DORIAN E. RAMIREZ
Clerk

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG, TEXAS**

---

**RANDOL RENE LOPEZ,**
**Appellant**

**v.**

**MARY BALDERRAMA,**
**Appellee**

---

*On appeal from the 197th Judicial District Court
Of Willacy County, Texas
In Cause No. 2014-CV-02140-A*

---

**APPELLANT'S BRIEF**

---

**Julie Balovich**
**Texas Bar No. 24036182**
**TEXAS RIOGRANDE LEGAL AID, INC.**
**114 N. 6th Street**
**Alpine, Texas 79830**
**(432) 837-1199** *(phone)*
**(432) 837-9946** *(fax)*
**jbalovich@trla.org**

*Attorneys for Appellant*

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT**
Randol Rene Lopez

**APPELLEE**
Mary Balderrama

**APPELLANT'S TRIAL COUNSEL**
Randol Ree Lopez, pro se
████████████

**APPELLEE'S TRIAL COUNSEL**
Valerie M. Garcia
State Bar No. 24043677
8418 Summer View Court
Harlingen, TX 78552

**APPELLANT'S ATTORNEY ON APPEAL**
Julie Balovich
TEXAS RIOGRANDE LEGAL AID, INC.
114 N. 6th Street
Alpine, Texas 79830

**APPELLEE'S ATTORNEY ON APPEAL**
Mary Balderrama, pro se
REDACTED
████████████

# TABLE OF CONTENTS

STATEMENT OF THE CASE     1

STATEMENT REGARDING ORAL ARGUMENT     1

ISSUES PRESENTED FOR REVIEW     2

STATEMENT OF FACTS     2

SUMMARY OF ARGUMENT     5

ARGUMENT & AUTHORITIES     6

    **I.**     **Appellant did not receive notice of the final hearing as required by Texas Rule of Civil Procedure 245 and due process.**

    **II.**     **Plaintiff produced no evidence to support her claim for relief in this post-answer default.**

    **III.**     **The trial court's failure to file findings of fact and conclusions of law is presumed harmful error.**

PRAYER     10

CERTIFICATE OF SERVICE     10

CERTIFICATE OF COMPLIANCE     11

APPENDIX     12

# TABLE OF AUTHORITIES

**CASES**

*Anzaldua v. Anzaldua,* 742 S.W.2d 782 (Tex. App.—
    Corpus Christi-Edinburg, 1987, writ denied)      9

*Cisneros v. Regalado Family Ltd. Partnership*, No. 13–10–089–CV,
    2011 WL 3366345 (Tex. App.—Corpus Christi–Edinburg,
    Aug. 4, 2011, no pet.) (mem. op.)      7

*Delgado v. Hernandez*, 951 S.W.2d 97 (Tex. App.—Corpus Christi
    -Edinburg 1997, no writ.)      6

*In re P.C.,* 339 S.W.3d 322  (Tex. App.—El Paso 2011, no pet)      7

*LBL Oil Co.v. Int'l Power Services, Inc*., 777 S.W.2d 390
    (Tex. 1989) (per curiam)      6

*Mathis v. Lockwood*, 166 S.W.3d 743 (Tex. 2005)      6

*Morales v. Marquis*, No. 13-12-00407-CV, 2013  WL 2298469,
    (Tex. App.—Corpus Christi – Edinburg, May 23, 2013, no pet.)      6

*Stoner v. Thompso*n, 578 S.W.2d 679 (Tex. 1979)      8

**CODES AND RULES**

TEX. R. APP. P. 9.4      11

TEX. R. APP. P. 26.1(a)(1), (4)      1

TEX. R. CIV. P. 21a      7

TEX. R. CIV. P  245      6

TEX. R. CIV. P. 296      9

TEX. R. CIV. P. 297                                          9

TEX. R. CIV. P. 306c                                         9

TEX. R. CIV. P. 760                                          8

TEX. R. CIV. P. 761                                          8

TEX. R. CIV. P. 770                                          8

Willacy County Local Rules 1.7                              7

## STATEMENT OF THE CASE

This is an appeal from a default judgment granting partition. CR 65.  Mary Balderrama sued seven defendants, including Appellant Randol Rene Lopez, seeking a judgment for partition and an order of sale for two tracts of land in Willacy County. CR 6-33.  Appellant timely answered the suit. CR 37-38.  On August 20, 2014, a status hearing took place without any written notice to the parties. RR 1, 5; CR *passim*.  Instead of holding a status hearing, the court rendered a judgment for partition. RR 6.  After the status hearing but before entry of judgment, Appellant filed a motion to set aside order and a request for findings of fact and conclusions of law, which extended the time to file appeal. CR 58-64; TEX. R. APP. P. 26.1(a)(1), (4).  The final judgment was signed on September 16, 2014.  CR 65-66.  This appeal followed.

## STATEMENT REGARDING ORAL ARGUMENT

The record conclusively establishes that Appellant did not receive notice of the default hearing and that the judgment was unsupported by evidence. Accordingly, Appellant does not believe oral argument is necessary to aid the court's decisional process.

## ISSUES PRESENTED FOR REVIEW

**Issue 1:**   Whether the default judgment should be set aside because Appellant did not receive notice of the final hearing.

**Issue 2:**   Whether the default judgment should be set aside because no evidence supported the judgment granting partition.

**Issue 3:**   Whether the trial court's failure to enter findings of fact and conclusions of law prejudiced appellant's ability present his appeal.

## STATEMENT OF FACTS

On May 20, 2014, Appellee Mary Balderrama filed a suit seeking judgment determining the owners to tracts of real property located in Willacy County and partition. CR 6.  According to her petition and the documents attached in support, Appellee's mother, Anita Molina Garza, died intestate on January 1, 2004. CR 12. At the time of her death, Anita Molina Garza owned the two tracts of real property in question, comprised of a .88 acre tract with a homestead and another 4.375 acre tract. CR 12-13. At the time of her death, Anita Molina Garza's four living children were Mary Balderrama (Appellee), Janie Garza, Roberto M. Garza, and Mary Lou Garza.  CR 12.  Garza also had one child who predeceased her and who left three living children: Diana Bruttell, Gilberto Garza, Jr., and Roberto Daniel Garza. CR 12.  Janie Garza's son, Randol Rene Lopez (the Appellant), resided with Anita Molina Garza at the home on the .88 acre property at the time of her death and continued to live there since her death. CR 12.

Balderrama named as defendants the three living children of Anita Molina Garza, the three children of the predeceased son, and Appellant, alleging that all defendants were "joint owners" in the two tracts of real property. CR 7. With respect to each owner, she alleged their ownership share but as to Lopez she asserted his interest was "unknown" because he was claiming ownership of the property through adverse possession and through gift deeds from Janie Garza (his mother) and Roberto M. Garza (his uncle). CR 8. She requested the court make a finding as to Lopez's ownership interest as part of the partition. CR 8.

Appellant filed an answer on June 16, 2014. CR 37-38. On the same day, his mother Janie Garza filed a sworn answer in which she confirmed that she had granted her interest in the property that she inherited to Appellant. CR 39-40. Roberto M. Garza also filed an answer on July 21, 2014. CR 51-52. The four other defendants filed waivers of citation. CR 47, 48, 53, 54.

On August 20, 2014, a status hearing took place. RR 1. The clerk's record reflects no notice of the hearing, CR *passim*, but Appellee's trial counsel informed the court that a status hearing had been set when the court heard a different lawsuit involving the same parties:

> I wasn't here the last time that there was a proceeding taken up with regards to one of the defendants, Randol Rene Lopez, who had filed suit against the Willacy County Sheriff and all of those parties, but Your Honor has taken care of that and it was already dismissed. And then it was my understanding through that particular suit you set

us here for a status on the petition that was still pending, and my clients conveyed that message to me.

It is also my understanding that Mr. Lopez was also present during that hearing when his matter was dismissed and he received notice of that hearing as well.

RR 5. Without putting on any evidence, trial counsel then requested a court order that allowed the Appellee to sell three tracts of land owned by the Decedent and divide the proceeds five ways. RR 5-6. The request for relief was granted and final judgment rendered. RR 6-7.

On August 22, 2014, Appellant moved to set aside the order on the grounds that he had failed to receive notice of the hearing and that any notice given in open court in a separate cause was insufficient. CR 58. Roberto M. Garza also moved to set aside the order, noting that he had not been present at the hearing in which the court gave notice in open court. CR 55-56. In addition Appellant filed a request for findings of fact and conclusions of law, specifically requesting findings as to why partition in kind had not been ordered and findings as to how he received notice. CR 62.

The final order was thereafter signed on September 16, 2014. CR 65. The Court found that Anita Garza was the owner of two tracts of land, that partition in kind was not feasible and could not be obtained fairly and equitably, and ordered the property sold by public sale and the proceeds divided among seven heirs, with the three grandchildren receiving their

4

father's 20% proceeds. CR 65-66. The order does not name Appellant as a party with interest in the property. CR 65-66. On September 23,2014, Appellant filed a notice of past-due findings of fact and conclusions of law. CR 68. On December 12, 2014, within 90 days of the entry of the final order, Appellant filed an appeal accompanied by affidavit of indigence. CR 88-95. The motion to set aside order was denied on January 21, 2015. CR 99.

## SUMMARY OF ARGUMENT

The judgment in this case was entered following a status hearing for which no written notice issued. Because the case was contested, Rule 245 required that answering defendants receive 45 days' notice of final hearing. Due process requires that the judgment be set aside and the case remanded for new trial.

Further, the judgment was supported by no evidence. When a defendant answers, the plaintiff must introduce evidence to prove her case. In a partition case, that means proving ownership rights to the property, proving respective interests in the property, and then proving that partition in kind is not feasible before a partition for sale may be ordered. In this case, no evidence was introduced to support the trial court's judgment as to the ownership interests of the

5

defendants and in favor of partition by sale over partition in kind. Therefore, the judgment must be reversed.

Finally, the trial court failed to enter findings of fact and conclusions of law despite Appellant's timely request for findings and timely filing of notice of past due findings. The law presumes that Appellant was harmed and the judgment must be reversed.

## ARGUMENT & AUTHORITIES

### I. Appellant did not receive notice of the final hearing as required by Texas Rule of Civil Procedure 245 and due process.

Once a defendant has appeared in a case, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the U.S. Constitution. *LBL Oil Co.v. Int'l Power Services, Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989) (per curiam). In Texas courts, reasonable notice of not less than 45 days must be given in a contested case. Tex. R. Civ. P. 245. If such notice is not given, the post-answer default judgment should be set aside. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *Morales v. Marquis*, No. 13-12-00407-CV; 2013 WL 2298469, at *2 (Tex. App.—Corpus Christi – Edinburg, May 23, 2013, no pet.)

The law presumes that a trial court will hear a case only when proper notice is given. *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex. App.—Corpus Christi-

Edinburg 1997, no writ.) That presumption may be rebutted by other evidence in the record. *Id.* Appellant, representing himself *pro se*, filed an unsworn motion to set aside order asserting he did not receive written notice. CR 58. The record conclusively establishes that Appellant received no notice of a final hearing. The clerk's record includes no notice of the August 20, 2014, hearing. TEX. R. CIV. P. 21a; Willacy County Local Rules 1.7[1] (requiring counsel who receives notice from the trial court of a trial setting provide written notice to all parties and proof of same to the clerk.). Furthermore, Appellee's counsel represented to the court the only notice defendant received was verbal, took place during a hearing in another cause, and was for a status hearing – not final hearing. RR 5. As a matter of law, what Appellee's counsel described is insufficient notice of a trial setting. *See In re P.C.*, 339 S.W.3d 322, 324-325 (Tex. App.—El Paso 2011, no pet) (finding verbal notice to a defendant in a hearing on a different motion insufficient). The judgment must be reversed.

## II. Plaintiff produced no evidence to support her claim for relief in this post-answer default.

A post-answer "default" is not an abandonment of the defendant's answer nor an implied confession of issues. *Cisneros v. Regalado Family Ltd. Partnership*, No. 13–10–089–CV., 2011 WL 3366345 (Tex. App.—Corpus Christi – Edinburg,

---

[1] http://www.co.cameron.tx.us/district_clerks/docs/ApprovalofLocalRules.pdf

Aug. 4, 2011, no pet.) (mem. op.)  Judgment cannot be entered on the pleadings, and the plaintiff in such cases must still appear to present evidence to prove her case in spite of the post-answer default by the defendant. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979).

In a hearing on a suit for partition, a court must determine the share or interest of each joint owner or claimant, whether the property or any part thereof is susceptible to partition, and if so, must enter a decree directing the partition in accordance with the owners' respective shares or interests. TEX. R. CIV. P. 760, 761.  The court is only authorized to order partition by sale if it finds that a fair and equitable division of the real estate cannot be made. TEX. R. CIV. P. 770.

In this case, Appellee specifically pled for a finding as to Appellant's interest or share in the property, conceding that Appellant may be owner of part of the property due to conveyance. CR 8.  But at the default hearing, no evidence was introduced regarding the respective ownership rights of the parties. RR *passim.* Nor was any evidence introduced as to why the property, which comprised 5.237 acres, could not be partitioned in kind among 5 ownership interests.  RR passim. Despite Appellee's pleading that identified Appellant as a person with a potential ownership interest, and defendant Janie Garza's sworn answer confirming that she had conveyed her 20% interest to Appellant, the final judgment excludes Appellant as a joint owner with any interest in the property. CR 65-66

There being no evidence to prove up the required elements of partition, the judgment must be reversed.

## III.     The trial court's failure to file findings of fact and conclusions of law is presumed harmful error.

To the extent that the record is insufficient to support Appellant's points on appeal, it is the result of the trial court's failure to enter findings of fact and conclusions of law.  Appellant timely requested findings of fact and conclusions of law within two days of the hearing that resulted in a final judgment. CR 62. TEX. R. CIV. P. 306c (requests for findings of fact filed prematurely are deemed filed on the day of but subsequent to final judgment); TEX. R. CIV. P. 296.  He requested findings on the very issues presented by this appeal:  what notice he received of final hearing and what evidence was considered to support a finding that partition in kind was not feasible. CR 62-63.  The trial court made no findings in response. CR *passim*.  Appellant further filed a notice of past due findings when no response was received within 30 days. TEX. R. CIV. P. 297.

When a trial court's failure to file findings of fact injures the presentation of an appeal, due process requires reversal and remand.  *Anzaldua v. Anzaldua*, 742 S.W.2d 782 (Tex. App.—Corpus Christi-Edinburg, 1987, writ denied) (reversing judgment in a partition case because the court entered no findings which supported its denial of partition relief).  If Appellant does not prevail on one of his first two

issues, he requests that the judgment be reversed due to the trial court's failure to make findings of fact as required.

## PRAYER

Wherefore, premises considered, Appellant prays that the judgment be reversed and remanded to the trial court for a new trial and for such other and further relief to which he may be entitled.

Respectfully submitted,

Texas RioGrande Legal Aid, Inc.
114 N. 6th Street
Alpine, Texas 79830
Tel: (432) 837-1199
Fax: (432) 837-9946

By: /s/ *Julie Balovich*
    Julie Balovich
    State Bar No. 24036182
    Attorneys for Randol Rene Lopez

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellant's Brief was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Mary Balderrama
REDACTED

Method of service: **Via certified mail/return receipt requested**
Date of service: **April 20, 2015**

/s/ *Julie Balovich*
Julie Balovich


# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that according to the computer program that assisted me to prepare this document, without excluding portions of the document as is authorized, shows the word count of this document to be 1,965 and is therefore in compliance with the rule.


/s/ *Julie Balovich*
Julie Balovich

# APPENDIX

1.    **Final Order**

2.    **Tex. R. Civ. P. 21a**

3.    **Tex. R. Civ. P. 245**

4.    **Tex. R. Civ. P. 296**

5.    **Tex. R. Civ. P. 297**

6.    **Tex. R. Civ. P. 760**

7.    **Tex. R. Civ. P. 761**

8.    **Tex. R. Civ. P. 770**

9.    **Willacy County Local Rule 1.7**

CAUSE NO. 2014-CV-0214-A

| | | |
|---|---|---|
| MARY BALDERRAMA, PLAINTIFF | § § § | IN THE DISTRICT COURT |
| VS. | § § § | |
| MARY LOU GARZA, DIANA BRUTTELL, GILBERTO GARZA, JR. ROBERTO DANIEL GARZA, ROBERTO M. GARZA, JANIE GARZA AND RANDOL RENE LOPEZ, DEFENDANTS | § § § § § § | 197th JUDICIAL DISTRICT WILLACY COUNTY, TEXAS |

## FINAL ORDER

ON THIS DAY, came to be heard Plaintiff's Original Petition for Partition. And after due consideration, the Court makes the following findings:

1. That Anita Molina Garza Died intestate on January 1, 2004;

2. There is currently no administration pending of the Estate of Anita Molina Garza and the four year statute of limitations to petition for administration has passed;

3. At the time of her death Anita Molina Garza was survived by the following heirs:

Mary Balderrama;
Diana Bruttell, Gilberto Garza, Jr., and Roberto Daniel Garza (Children of Gilberto Garza(Deceased);
Janie Garza;
Roberto M. Garza; and
Mary Lou Garza

4. At the time of her death, Anita Molina Garza owned two separate tracts of real property in Willacy County, Texas described below as Tract One and Tract Two:

2:40 p.k.
FILED

SEP 16 2014

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

65

**TRACT ONE:** Lot 12E-1, Block 25, in the Gulf Coast Irrigation Company Subdivision as recorded in volume 2, page 53, Map Records of Willacy County, Texas and more specifically described in the Rios Surveying survey dated June 12, 2008 and attached hereto and marked Exhibit "A" which property is known locally as 4876 FM 2845, Lyford, Texas 78569; and

**TRACT TWO:** Lot 12E (N PT), Block 25, Part of Tract 4 in the Gulf Coast Irrigation Company Subdivision as recorded in volume 2, page 53, Map Records of Willacy County, Texas which property is known locally as 4876 FM 2845, Lyford, Texas 78569 AND Consists of 4,35 acres, also identified by the Willacy County Tax Assessor Collector as Property ID 13210, GEO number G0400-00-00250-012-0E-0.

5. That partition in kind is not feasible and cannot be achieved fairly and equitably; therefore there exists a need to order a private sale of said properties.

IT IS THEREFORE ORDERED DECREED AND ADJUDGED that Plaintiff's Petition for Partition is in all things GRANTED and the Court Orders the following:

1. That the above referenced properties be placed for public sale by the Willacy County Sheriff;
2. That the Willacy County Sheriff's office notify Plaintiff and Defendants of the time and place of the sale;
3. That after said sale, the proceeds of the sale be returned to the Court for distribution as follows:

   A. Mary Balderrama, daughter: 20%

   B. Mary Lou Garza, daughter: 20%

   C. Diana Bruttell, Gilberto Garza, Jr., and Roberto Daniel Garza, grandchildren

   1/3 of 20% each= 6.666 (as children of Gilberto Garza, Deceased)

   D. Roberto M. Garza, son: 20%

   E. Janie Garza, daughter: 20%

4. That Plaintiff will be reimbursed for all expenses incurred by Plaintiff for filing fees, costs and expenses and attorney's fees to be determined by the Court at the time of distribution;
5. That any person occupying the premises comply with this Order and peacefully allow for the sale of the subject properties and abandon the premises no later than (10) days before the date of sale.

Signed and entered on this 16th day of September, 2014 in Willacy County, Texas.

KC: 09/17/14
V. Garcia
D. Bruttell
G. Garza
J. Garza
M. Garza
R. Garza
R. Garza
J. Lopez

_Migdalia López_
Hon. Migdalia Lopez

66

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 1. General Rules (Refs & Annos)

TX Rules of Civil Procedure, Rule 21a

Rule 21a. Methods of Service

Currentness

(a) *Methods of Service*. Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

(1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document not filed electronically may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

(b) *When Complete*.

(1) Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service.

(2) Service by fax is complete on receipt. Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

(3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(c) *Time for Action After Service*. Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(d) *Who May Serve*. Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify.

(e) *Proof of Service*. The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

(f) *Procedures Cumulative*. These provisions are cumulative of all other methods of service prescribed by these rules.

**Credits**
Aug. 18, 1947, eff. Dec. 31, 1947. Amended by orders of July 21, 1970, eff. Jan. 1, 1971; Oct. 3, 1972, eff. Feb. 1, 1973; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; Dec. 5, 1983, eff. April 1, 1984; April 24, 1990, eff. Sept. 1, 1990; Dec. 11, 2013, eff. Jan. 1, 2014.

**Editors' Notes**

**COMMENT--2013**

Rule 21a is revised to incorporate rules for electronic service in accordance with the Supreme Court's order--Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164--mandating electronic filing in civil cases beginning on January 1, 2014.

Notes of Decisions (327)

Vernon's Ann. Texas Rules Civ. Proc., Rule 21a, TX R RCP Rule 21a
Current with amendments received through 3/15/2015

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 11. Trial of Causes
        A. Appearance and Procedure

TX Rules of Civil Procedure, Rule 245

Rule 245. Assignment of Cases for Trial

Currentness

The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.

A request for trial setting constitutes a representation that the requesting party reasonably and in good faith expects to be ready for trial by the date requested, but no additional representation concerning the completion of pretrial proceedings or of current readiness for trial shall be required in order to obtain a trial setting in a contested case.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 22, 1975, eff. Jan. 1, 1976; Dec. 5, 1983, eff. April 1, 1984; April 24, 1990, eff. Sept. 1, 1990.

Notes of Decisions (166)

Vernon's Ann. Texas Rules Civ. Proc., Rule 245, TX R RCP Rule 245
Current with amendments received through 3/15/2015

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 11. Trial of Causes
        G. Findings by the Court

TX Rules of Civil Procedure, Rule 296

Rule 296. Requests for Findings of Facts and Conclusions of Law

Currentness

In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request shall be entitled "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of March 19, 1957, eff. Sept. 1, 1957; June 10, 1980, eff. Jan. 1, 1981; Dec. 5, 1983, eff. April 1, 1984; April 24, 1990, eff. Sept. 1, 1990.

Notes of Decisions (1782)

Vernon's Ann. Texas Rules Civ. Proc., Rule 296, TX R RCP Rule 296
Current with amendments received through 3/15/2015

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
    Section 11. Trial of Causes
      G. Findings by the Court

TX Rules of Civil Procedure, Rule 297

Rule 297. Time to File Findings of Fact and Conclusions of Law

Currentness

The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. The court shall cause a copy of its findings and conclusions to be mailed to each party in the suit.

If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to forty days from the date the original request was filed.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of June 10, 1980, eff. Jan. 1, 1981; Dec. 5, 1983, eff. April 1, 1984; April 24, 1990, eff. Sept. 1, 1990.

Notes of Decisions (251)

Vernon's Ann. Texas Rules Civ. Proc., Rule 297, TX R RCP Rule 297
Current with amendments received through 3/15/2015

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part VII. Rules Relating to Special Proceedings
      Section 4. Partition of Real Estate (Refs & Annos)

TX Rules of Civil Procedure, Rule 760

Rule 760. Court Shall Determine, What

Currentness

Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise.

Notes of Decisions (89)

Vernon's Ann. Texas Rules Civ. Proc., Rule 760, TX R RCP Rule 760
Current with amendments received through 3/15/2015

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
Texas Rules of Civil Procedure
Part VII. Rules Relating to Special Proceedings
Section 4. Partition of Real Estate (Refs & Annos)

TX Rules of Civil Procedure, Rule 761

Rule 761. Appointment of Commissioners

Currentness

The court shall determine before entering the decree of partition whether the property, or any part thereof, is susceptible of partition; and, if the court determines that the whole, or any part of such property is susceptible of partition, then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate, describing the same, to be made in accordance with the respective shares or interests of each of such parties entitled thereto, specify in such decree the share or interest of each party, and shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law, a majority of which commissioners may act.

Notes of Decisions (56)

Vernon's Ann. Texas Rules Civ. Proc., Rule 761, TX R RCP Rule 761
Current with amendments received through 3/15/2015

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
    Texas Rules of Civil Procedure
        Part VII. Rules Relating to Special Proceedings
            Section 4. Partition of Real Estate (Refs & Annos)

TX Rules of Civil Procedure, Rule 770

Rule 770. Property Incapable of Division

Currentness

Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution or by private or public sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests.

**Credits**
Oct. 12, 1949, eff. March 1, 1950.

Notes of Decisions (53)

Vernon's Ann. Texas Rules Civ. Proc., Rule 770, TX R RCP Rule 770
Current with amendments received through 3/15/2015

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# WILLACY COUNTY CIVIL RULES

## INDEX

PART ONE
CIVIL DISTRICT COURTS

1.1   FILING, ASSIGNMENT AND TRANSFER
1.2   TEMPORARY ORDERS
1.3   EX PARTE ORDERS
1.4   TEMPORARY AND PROTECTIVE ORDERS IN FAMILY LAW MATTERS
1.5   SEVERANCE
1.6   SETTING FOR TRIAL AND PRE-TRIAL
1.7   OTHER SETTINGS
1.8   SPECIAL SETTINGS
1.9   GENERAL PLEADINGS
1.11  INITIAL PRE-TRIALCONFERENCE
1.12  DILATORY PLEAS
1.13  APPEARANCE IN COURT FOR HEARINGS, ANNOUNCEMENTS AND/OR TRIAL
1.14  DISMISSAL FOR WANT OF PROSECUTION
1.15  WITHDRAWAL OF COUNSEL
1.16  FILING OF PAPERS AND/OR ELECTRONIC FILING WITH THE DISTRICT CLERK
1.17  WITHDRAWAL AND COPYING OF FILES
1.18  ORDERS AND JUDGMENTS

PART 2
COUNTY COURT

2.1   RULES APPLICABLE TO COUNTY COURT
PART 3
GENERAL AND MISCELLANEOUS

3.1   AUTHORITY FOR RULES
3.2   REPEAL OF FORMER RULES
3.3   TITLE AND CITATION
3.4   PARTIAL CIVIL INVALIDITY
3.5   "COUNSEL", "LAWYERS", "ATTORNEY OF RECORD"
3.6   CONDUCT OF THE GENERAL PUBLIC
3.7   CONDUCT OF COUNSEL
3.8   CONDUCT OF THE OFFICERS OF THE COURT, INCLUDING COUNSEL
3.9   ADOPTION AND EFFECTIVE DATE

pre-trial hearing. The Court may always on its own Motion set a pre-trial hearing by issuing notice of the date and time of same to all parties.

(c)    Counsel attending a pre-trial hearing shall be either the counsel who expects to be lead attorney at trial or an attorney who has full authority to state the client's position of the law and facts on pending matters, to make stipulations, and to enter into settlement negotiations.

1.7    OTHER SETTINGS

(a)    Counsel who request a hearing, pre-trial and/or trial date and who receives notice of same from the Court and/or the Court Coordinator shall have the duty to give all other parties in the case written notice immediately of such setting and to furnish a copy of such notice to the clerk of the Court in which the case is pending. If a party receives his copy of notice by written order mailed to parties from the clerk's office, the party is excused from providing duplicative notice to all parties.

(b)    No hearing shall be set on less than three (3) days' notice, and no party shall request a hearing on less than three (3) days' notice unless that party has filed a motion for emergency hearing, and has provided specific reasons for same. If filing a motion requesting an emergency hearing, counsel must provide a copy of the motion and written notice of the requested and/or any awarded hearing date by hand-delivery, telefax, electronic transmission, or other similar means most likely to insure that opposing counsel receives that notice. Counsel seeking the emergency hearing must also make a good faith effort to contact all opposing counsel's offices to confirm that the opposing counsel has received the notice.

(c)    No setting is required for a hearing on a default requiring no record or proof; however, if there are any other parties to the case, notice to all such parties must be given before any attempt is made to approach the Court to obtain a default. If other parties indicate a desire to be present, they must be given the opportunity to or be present, or a setting with at least three (3) days' notice must be obtained.

(d)    Testimony for defaults requiring proof shall be scheduled with the Court Coordinator of the Court in which the case is pending, and notice given to all parties.

1.8    SPECIAL SETTINGS

Special preferential settings may be made by the Judge when, because of unusual circumstances, more than ordinary difficulty would be encountered in having all counsel and witnesses available when the case is reached in regular order. Cases specially set shall take precedence over all other matters, except matters entitled to preference by law and matters commenced but not completed in the preceding week. Other engagements of